UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATOYA STEWARD, | ) | |
| | ) | |
| Debtor, | ) | Case No.  4:14-CV-1094-RWS |
| | ) | |
| | ) | |
| JAMES ROBINSON, et al, | ) | |
| | ) | |
| Appellants, | ) | Appeal From Judgment Entered in |
| | ) | Bankruptcy Case No.  11-46399-705 |
| v. | ) | |
| | ) | |
| LATOYA STEWARD, | ) | |
| | ) | |
| Appellee. | ) | |

**APPELLANTS' BRIEF**

Respectfully submitted by:

Laurence D. Mass       #30977MO
230 South Bemiston, Suite 1200
St. Louis, Missouri  63105
Phn:  (314) 862-3333, Ext. 20
Fax:  (314) 862-0605
Email:  laurencedmass@att.net

Attorney for Critique Services, LLC.

Elbert A. Walton, Jr.       #24547MO
Metro Law Firm, LLC
2320 Chambers Road
St. Louis, Missouri 63136
Phn:  (314) 388-3400
Fax:  (314) 388-1325
elbertwalton@elbertwaltonlaw.com
*Pro Se*

James C. Robinson       #63594MO
3919 Washington Blvd.
St. Louis, Missouri 63108
Phn:  (314) 533-4357
Fax:  (314) 533-4356
jcr4critique@yahoo.com
*Pro Se*

# TABLE OF CONTENTS

**PAGE**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities Cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

    The Debtor Did Not Have Standing to Bring Her Claim
       Because it Belonged to the Chapter 7 Trustee.... . . . . . . . . . . . . . . . . . . .  21

    Judge Rendlen Should Have Recused Himself Because He Had Been an
       Adversary Against Critique Services, LLC Before Becoming a Judge... 21

    Debtor Acknowledged That the Attorney's Fees She Paid Were
       Disgorged Resulting in the Bankruptcy Court Losing Jurisdiction
       over the Subject Matter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

    No Sanctions Should Have Been Entered Against Critique Services, LLC
       Because No Discovery Was Directed Toward it.. . . . . . . . . . . . . . . . . . .  22

    The Bankruptcy Court Should Have Dismissed Critique Services, LLC
       Before Any Order was Entered Against It Because of Plaintiff's
       Failure to Serve It.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

    The Bankruptcy Court Should Have Dismissed the Motion to Disgorge
       Because of the Debtor's Bad Conduct of Admittedly Lying under Oath.. 23

    The Bankruptcy Court Had No Authority to Sanction Appellants for
       Discovery Failures Once the Parties Settled Their Differences. . . . . . . .  23

The Bankruptcy Court Was Without Authority to Change Debtor's Amended Complaint in the Adversary Proceeding into a Motion to Disgorge Attorney's Fees in Debtor's Chapter 7 Case. . . . . . . . . . . . . . . . . . . . . . 24

The Sanctions and Penalties Entered by the Bankruptcy Court Were for Criminal Contempt for Which it Had No Authority and Were Not Pursuant to a Motion, Notice and Hearing as Required by Bankruptcy Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Under Local Rules of Court, a Single Judge Does Not Have the Authority to Suspend an Attorney from Practice Before It. . . . . . . . . . . . . . . . . . . . . 24

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

I.      **The Bankruptcy Court Erred by Not Dismissing the Underlying Motion to Disgorge Attorney Fees Because the Debtor Did Not Have Standing to Bring That Motion Since All Rights to and Interest in the Disgorged Fees Had Passed to the Chapter 7 Trustee by Operation of the Bankruptcy Code Which Judge Rendlen Recognized, but Failed to Act On.** . . . . . . . 26

II.     **The Bankruptcy Court (Judge Rendlen) Erred in Denying Appellant Robinson's and Critique Services, LLC's Motion to Recuse Because Judge Rendlen's Past Adversarial Relationship to Critique Services, LLC When He Was U.S. Trustee and His Knowledge of Complaints and Investigations Against It Would Lead an Objective, Neutral Observer Reasonably to Believe That Judge Rendlen Could Not Be Impartial and That He Should Have Recused Himself in Accordance with 28 U.S.C. §455(a).** . . . . . . . . . . . . . . . . . . . . . . . . 29

III.    **The Bankruptcy Court Erred by Not Dismissing the Motion to Disgorge Attorneys Fees Because When the Fee Was Voluntarily Disgorged, the Motion Became Moot and the Bankruptcy Court Lost Subject Matter Jurisdiction.** . . . . . . . . . 35

IV.     **The Bankruptcy Court Erred in Ordering Critique Services, LLC to Answer Discovery and Then Entering Sanctions Against it for its Failure to Do So Because No Discovery Had Been Directed to Critique Services, LLC.** . . . . . . . . . . . . . . . . . . . 37

ii

V.     **The Bankruptcy Court Erred in Ordering Critique Services, LLC to Comply with Discovery Because the Bankruptcy Court Did Not Have Jurisdiction over Critique Services, LLC and Should Have Dismissed All Claims Against It Since Debtor Did Not Serve Critique Services, LLC Before the Bankruptcy Court Ordered It to Comply with Discovery..** . . . . . . . . . . . . . . . . . 40

VI.    **The Bankruptcy Court Erred by Not Dismissing Debtor's Motion to Disgorge Because of Her past Wrongful, Bad Conduct of Admittedly Lying under Oath in Her Bankruptcy Proceedings..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

VII.    **The Bankruptcy Court Erred by Sanctioning Appellants for Discovery Failures Because the Debtor Settled Her Case, Withdrew Her Motion to Compel Discovery and Sought No Sanctions Or Award of Attorney's Fees..** . . . . . . . . . . . . . . . . . 47

VIII.  **The Bankruptcy Court Erred by Denying the Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction Because the Bankruptcy Court Was Without Authority to Remove the Amended Complaint from the FMCC Adversary Case and Re-file it in the Main Chapter 7 Case and Then Deem it a Motion to Disgorge Fees.** . . . . . . . . . . . . . . . . . . . . . . . 49

IX.    **The Bankruptcy Court Erred and Exceeded its Jurisdiction by Imposing Monetary Sanctions Against Appellants Payable to the Court and To a Charity Because the Bankruptcy Court Has No Jurisdiction to Issue Orders and Judgments for Criminal Contempt and Failed to Provide Notice and an Opportunity to Be Heard Before Entering Its Judgment of Contempt..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

X.    **The Bankruptcy Court Erred by Suspending Robinson and Walton From Practising Before the Bankruptcy Court Because Under Local Rules That Can Only Be Done By A Three Judge Panel..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

Certification of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

# TABLE OF AUTHORITIES

**CASES**                                                         **PAGE**

Alexander v. Primerica Holdings, Inc,, 10 F.3d 155 (3rd Cir. 1993). . . . . . . 5, 39, 43, 44

Alvariza v. Home Depot, 240 F.R.D. 586 (D. CO. 2007). . . . . . . . . . . . . . . . . . . . . . . . . 44

Anderson v. State of Missouri, 402 S.W.3d 86 (Mo. banc 2013).. . . . . . . . . . . . . . . . . . . . 42

Baldwin v. Credit Based Asset Servicing and Secur.,
    516 F.3d 734 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Braxton v. United States, 817 F.2d 238 (3d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Colasante v. Wells Fargo Corp., 81 F.App'x. 611 (8th Cir. 2003). . . . . . . . . . . . . . . . . . . 44

Congregation of the Passion v. Touche, Ross & Co.,
    854 F.2d 219 (7th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

Cork v. St. Charles County, 10 S.W.3d 608 (Mo. App. E.D. 2000). . . . . . . . . . . . . . . . . . . 5

County of Los Angeles v. Davis, 440 US 625, 99 S. Ct. 1379 (1979). . . . . . . . . 4, 35, 36

DeLetelier v. Republic of Chilé, 748 F.2d 790 (2nd Cir. 1984). . . . . . . . . . . . . . . . . . . . 4, 38

Delorme v. United States, 354 F.3d 810 (8th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . 3, 28

Dobbs v. Dobbs Tire & Auto Centers, Inc.,
    969 S.W.2d 894 (Mo. App. E.D. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Doe v. Quest Diagnostics, 395 S.W.3d 8 (Mo. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 41

Duby v. United States, 451 B.R. 664 (B.A.P. 1st Cir. 2011). . . . . . . . . . . . . . . . . . . . 52

Elliot v. Piersol, 26 U.S. 328 (1828). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 28, 51

Fairbanks v. Chambers, 665 S.W.2d 33 (Mo. App. W.D. 1984). . . . . . . . . . . . . . . . . . . 41

iv

<u>Families For Asbestos Compliance Testing & Safety v. City of St. Louis</u>,
 638 F. Supp.2d 1117 (E.D. Mo. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

<u>Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot</u>,
 312 Pa. Super. 125, 458 A2d 545 (1983). . . . . . . . . . . . . . . . . . . . . . . . 5, 46

<u>Geiger v. Allen</u>, 850 F.2d 330, 331 (7th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Gompers v. Buck Stove & Range</u>, 221 US 418, 31 S. Ct. 492 (1911). . . . . . . . . . . 5, 48

<u>Griffith v. Oles (In Re: Hipp, Inc.)</u>, 895 F.2d 1503 (5th Circ. 1990). . . . . . . . . . . . 6, 52

<u>Harris v. St. Louis University</u>, 114 B.R. 647 (E.D. Mo. 1990). . . . . . . . . . . . . . . . . . 3, 27

<u>Henderson v. ADT Sec. Serv.</u>,
 2005 U.S. Dist. LEXIS 45677 (W.D. Mo. 2005). . . . . . . . . . . . . . . . . . . . . . 3, 27

<u>Hudson v. Christian</u>, 1994 U.S. App. LEXIS 23966 (D.C. Cir. 1994). . . . . . . . . . . . . . . . 5

<u>In re: Banks</u>, 299 F.3d 296 (4th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

<u>In re: Brooks</u>, 383 F.3d 1036 (D.C. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

<u>In re: Chevron USA, Inc.</u>, 121 F.3d 163 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . 29

<u>In re: Graham</u>, 726 F.2d 1268, 1271 (8th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . 26

<u>In re: Hanson</u>, 397 F.3d 482 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

<u>In re: Johnson</u>, 921 F.2d 585 (5th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

<u>In re: Ruehle</u>, 412 F.3d 679 (6th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

<u>In re: Tvorik</u>, 83 B.R. 450, 456 (Bankr. W.D. Mich. 1988). . . . . . . . . . . . . . . . . . . . . . 26

<u>Isaacson v. Manty</u>, 721 F.3d 533 (8th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 52

<u>Kansas City Operating Corp. v. Durwood</u>, 278 F.2d 354 (8th Cir. 1960). . . . . . . . . . . . 5

<u>Kirland v. Mannis</u>, 55 Ore. App. 613, 639 P.2d 671 (1982). . . . . . . . . . . . . . . . . . . . . 46

Kriegel v. Noble (*In re:* Am. Energy Trading, Inc.,
    291 B.R. 159 (Bankr. W.D. Mo. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 51

Kurka v. Iowa County, 2009 U.S. Dist. LEXIS 26131 (N.D. Iowa 2009). . . . . . . . . . . . . . 44

Lewellan v. Mosley, 909 F.2d 1073 (7th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194 (1988). . 3, 29, 34

Liteky v. United States, 510 U.S. 540, 546-7 114 S. Crt. 1147 (1994). . . . . . . . . . . . . . 33, 34

Long v. Shorebank Development Corp., 182 F.3d 548 (7th Cir. 1999). . . . . . . . . . 6, 51

Lunde V. Helms, 29 F.3d 367, 370 (8th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 29

Martin v. U.S. Bank, 4:04-CV-01527-AGF (E.D. Mo. November 18, 2005). . . . . . . . . . . . 26

Matter of Abrams, 521 F.2d 1094 (3d Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 55

Matter of Thalheim, 853 F.2d 383 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

May-Ex II v. Duan Prods., Inc., 178 B.R. 464 (Bankr. W.D. Mo. 1995). . . . . . . . . . . . 52

Milliken v. Meyer, 311 U.S. 457, 61 S. Ct. 339 (1940). . . . . . . . . . . . . . . . . . . . . . . . 6, 51

Murphy v. Hunt, 455 US 478, 102 S. Ct. 1181 (1982). . . . . . . . . . . . . . . . . . . . . . . . 4, 35

Omni Int'l. Ltd. v. Rudolph Wolff & Co.,
    484 U.S. 97, 108 S. Ct. 404 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Parker v. Wendy's Int'l., Inc., 365 F.3d 1268 (11th Cir. 2004). . . . . . . . . . . . . . . . . . . 26

Patton v. Aerojet Ordnance Co., 765 F.2d 604 (6th Cir. 1985). . . . . . . . . . . . . . . . . 4, 37, 38

Penfield Co. v. SEC, 330 U.S. 585, 67 S. Ct. 918 (1947). . . . . . . . . . . . . . . . . . . . . 6, 53

Printed Media Servs. Inc. v. Solna Webb, Inc., 11 F.3d 838 (8th Cir. 1993). . . . . . . . . 44

Reynolds v. United States, 782 F.2d 837 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . 44

Roling v. Moenk, 2007 U.S. Dist. LEXIS 88 (N.D. IA 2007). . . . . . . . . . . . . . . . . . . . . . . . 28

Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 41

Stout v. U.S. Marshalls Serv., 2014 U.S. Dist. LEXIS 37 (W.D. OK. 2014). . . . . . . . . . . . 43

U.S. *ex rel.* Gebert v. Transp. Admin. Servs., 260 F.3d 909 (8th Cir. 2001).. . . . . . . . . . . . 27

U.S. v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . 34

U.S. v. State of Alabama, 828 F.2d 1532 (11th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . 4, 31

United States Dept. Of Justice v. Mandanici,
    152 F.3d 741 (8th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

United States v. Holland, 655 F.2d 44 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . 35

United States v. International Union, 190 F.2d 865 (DC Cir. 1951). . . . . . . . . . . . . . . 48

United States v. Tucker,78 F.3d 1313 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 4, 33

Vreugdenhill v. Navistar Int'l. Transport Corp.,
    950 F.2d 524 (8th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 26, 28

Wieburg v. GTE Southwest Incorporated, 272 F.3d 302 (5th Cir. 2001). . . . . . . . . . . . . . . 26

# STATUTES

11 U.S.C. §102(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

11 U.S.C. §105(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

11 U.S.C. §521. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 38

28 U.S.C. §144. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

28 U.S.C. §151. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

28 U.S.C. §157. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

28 U.S.C. §158(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

28 U.S.C. §455(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# FEDERAL RULES

Fed. R. Bankr. P. 7004(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 28, 51

Fed. R. Bankr. P. 7037. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Fed. R. Bankr. P. 9005. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Bankr. P. 9006. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Fed. R. Bankr. P. 9011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 46

Fed. R. Bankr. P. 9020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Bankr. Civ. P. 9037.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Fed. R. Civ. P. 4(m).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 45

Fed. R. Civ. P. 61.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 41

L. Bank. R. 7026C.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 48

E.D. Mo. Bankr. L.R. 2090 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 35, 36

E.D. Mo. L. Disp. Enf. R. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 38

E.D. Mo. L.R. 83-12.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 28

**STATEMENT OF THE CASE**

On June 17, 2011 Debtor[1] filed a Voluntary Petition in Bankruptcy. She reaffirmed a debt to Ford Motor Credit Company (hereinafter "FMCC") and was granted her discharge on November 21, 2011. Debtor filed, *pro se*, a Motion to reopen her Bankruptcy with regard to her FMCC debt and an adversary complaint against FMCC. At a hearing on FMCC's Motion to Dismiss her Complaint, Debtor complained about Critique Services, LLC and Robinson. The Bankruptcy Court advised Debtor to amend her FMCC adversary Complaint and to substitute Critique Services, LLC and Robinson as Defendants which she did on April 5, 2013, *pro se*. The Bankruptcy Court, *sua sponte*, designated it a Motion to Disgorge Fees in her Chapter 7 case. Debtor obtained new counsel, filed an Amended Petition in Bankruptcy and directed discovery on the "Motion to Disgorge" to Robinson, alone.

Disputes arose over Robinson's discovery responses. The Bankruptcy Court compelled answers from Robinson and Critique Services, LLC, to which no discovery had been directed. It denied a Motion to Recuse based upon Judge Rendlen's prior adversary relationship to Critique Services, LLC. The Bankruptcy Court sanctioned Appellants.

The parties reached a settlement. The Bankruptcy Court refused to approve the settlement because the Chapter 7 Trustee did not join it. The Bankruptcy Court

---

[1] Throughout this Brief, Appellants will be referred to by their last name or corporate name. LaToya Steward will be referred to as Debtor.

entered its Judgment of sanctions of $50,000 against Appellants, disgorgement of a fee of $495 to the Trustee and suspension of Robinson's and Walton's right to practice in the Bankruptcy Court for one year.  Appeals were timely filed.

Because of the complexity of the issues, Appellants request oral argument of 30 minutes.

## JURISDICTIONAL STATEMENT

This is an appeal from the Bankruptcy Court's final Judgment and Orders entered June 10, 2014 and those interlocutory Orders that were not explicitly merged into the final Judgment and Order.  The Bankruptcy Court had jurisdiction over the underlying Chapter 7 Bankruptcy case under 28 U.S.C. §§151 and 157, but not over the contested subject matter (a Motion to Disgorge Fees) from which this appeal is taken.  The District Court has jurisdiction over appeals of final judgments and orders of a Bankruptcy Court under 28 U.S.C. §158(a) and Fed. R. Bankr. P. 8001(a). Appellants timely filed their Notices of Appeal on June 12 and June 24, 2014. Appellants requested that this appeal be heard by the District Court.

# ISSUES

1.      Did the Debtor have standing to bring the Motion to Disgorge fees based upon facts that arose before her original and then amended Petition in Bankruptcy was filed which, pursuant to the Bankruptcy Code, resulted in the claim being the property of her Chapter 7 Trustee?

* <u>Vreugdenhill v. Navistar Int'l. Transport Corp.</u>, 950 F.2d 524 (8th Cir. 1991)

* <u>Harris v. St. Louis University</u>, 114 B.R. 647, 649 (E.D. Mo. 1990)

* <u>Delorme v. United States</u>, 354 F.3d 810 (8th Cir. 2004)

* <u>Henderson v. ADT Sec. Serv.</u>, 2005 U.S. Dist. LEXIS 45677 (W.D. Mo. 2005)

* 11 U.S.C. §521


2.      Should Judge Rendlen have recused himself, under 28 U.S.C. §455(a), from presiding over Debtor's Motion to Disgorge fees because when he was U.S. Trustee, he brought two adversary complaints against Critique Services, LLC, and knew about complaints against Critique Services, LLC from that time and about Robinson's practice outside of the case before him and, therefore, an objective, neutral third party viewing these facts would reasonably believe that the Judge would not be impartial?

* <u>Lunde V. Helms</u>, 29 F.3d 367 (8th Cir. 1994)

* <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 108 S. Crt. 2194 (1988)

* <u>U.S. v. State of Alabama</u>, 828 F.2d 1532 (11th Cir. 1987)

* <u>United States v. Tucker</u>,78 F.3d 1313 (8th Cir. 1996)

* 28 U.S.C. §455(a)

3.     Did the Bankruptcy Court lose jurisdiction over the subject matter

Debtor's Motion to Disgorge when the attorneys fee was voluntarily disgorged?

* <u>County of Los Angeles v. Davis</u>, 440 US 625, 99 S. Ct. 1379 (1979)

* <u>Murphy v. Hunt</u>, 455 US 478, 102 S. Ct. 1181 (1982)


4.   Did the Bankruptcy Court have the authority to impose sanctions on

Critique Services, LLC for discovery failures when no discovery was directed to it?

* <u>Patton v. Aerojet Ordnance Co.</u>, 765 F.2d 604 (6th Cir. 1985)

* <u>DeLetelier v. Republic of Chilé</u>, 748 F.2d 790 (2nd Cir. 1984)

* <u>Alvariza v. Home Depot</u>, 240 F.R.D. 586 (D. CO. 2007)

* Fed. R. Civ. P. 37(d)


5.     Should the Bankruptcy Court have dismissed Critique Services, LLC

before any order was entered against it because the Debtor never had a summons

issued and served on Critique Services, LLC?

* <u>Sieg v. Karnes</u>, 693 F.2d 803 (8th Cir. 1982)

* <u>Doe v. Quest Diagnostics</u>, 395 S.W.3d 8 (Mo. 2013)

* <u>Hudson v. Christian</u>, 1994 U.S. App. LEXIS 23966 (D.C. Cir. 1994)

* <u>Geiger v. Allen</u>, 850 F.2d 330, 331 (7th Cir. 1988)

* Fed. R. Civ. P. 4(m)

* 11 U.S.C. §105(a)


6.      Should the Bankruptcy Court have dismissed Debtor's Motion to Disgorge Fees because Debtor admitted lying under oath and committing other wrongful acts?

* <u>Kansas City Operating Corp. v. Durwood</u>, 278 F.2d 354 (8th Cir. 1960)

* <u>Dobbs v. Dobbs Tire & Auto Centers, Inc.</u>, 969 S.W.2d 894 (Mo. App. E.D. 1998)

* <u>Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot</u>, 312 Pa. Super. 125, 458 A2d 545 (1983)

* <u>Cork v. St. Charles County</u>, 10 S.W.3d 608 (Mo. App. E.D. 2000)


7.  Did the Bankruptcy Court err by sanctioning Appellants after Debtor settled all of her claims against Appellants and others?

* <u>Gompers v. Buck Stove & Range</u>, 221 US 418, 31 S. Ct. 492 (1911)

* Fed. R. Bankr. Civ. P. 9037

* L. Bank. R. 7026C

8.  Did the Bankruptcy Court have authority to convert what Debtor filed as an Amended Complaint in her FMCC adversary case and refile it in her main Chapter 7 case as a Motion to Disgorge?

    \*  <u>Elliot v. Piersol</u>, 26 U.S. 328, 340 (1828)

    \*  <u>Milliken v. Meyer</u>, 311 U.S. 457, 61 S. Ct. 339 (1940)

    \*  <u>Long v. Shorebank Development Corp.</u>, 182 F.3d 548 (7th Cir. 1999)

    \*  Fed. R. Bankr. P. 9005

    \*  Fed. R. Civ. P. 61


9.   Was the Bankruptcy Court without jurisdiction to issue the sanctions it did because those sanctions constituted penalties for criminal contempt for which it had no authority?

    \*  <u>Griffith v. Oles (In Re: Hipp, Inc.)</u>, 895 F.2d 1503 (5th Circ. 1990)

    \*  <u>Isaacson v. Manty</u>, 721 F.3d 533 (8th Cir. 2013)

    \*  <u>Penfield Co. v. SEC</u>, 330 U.S. 585, 590, 67 S. Ct. 918 (1947)

    \*  11 U.S.C. §105

    \*  28 U.S.C. §157

    \*  Fed. R. Bankr. P. 9020

10.    Did the Bankruptcy Court err by suspending Robinson and Walton from practicing before the Bankruptcy Court because local rules provide that can only be done by a three judge panel?

*    United States Dept. Of Justice v. Mandanici, 152 F.3d 741, 745 n. 12 (8th Cir. 1998)

*    Matter of Abrams, 521 F.2d 1094, 1104 (3d Cir. 1975)

*    E.D. Mo. L.R. 83-12.02

*    E.D. Mo. L. Disp. Enf. R. V

*    E.D. Mo. Bankr. L.R. 2090

## STATEMENT OF FACTS

The Bankruptcy Court entered a Judgment and Order on June 10, 2014 against Appellants Robinson, Walton and Critique Services, LLC, on a Motion to Disgorge fees. The Judgment included sanctions imposed against Appellants for almost $50,000 for failure to comply with discovery, disgorgement of a $495 fee and the prohibition of Robinson and Walton from practicing before the Bankruptcy Court for one year.

Judge Rendlen was a United States Trustee from June 2003 until the end of May 2006. (App. 889-891, Doc. 201.) As a U.S. Trustee he brought two adversary proceedings against Critique Services, LLC. In the first one,[2] Judge Rendlen was the Plaintiff on the Amended Complaint filed on August 20, 2003 against Critique Services, LLC among others. This adversary proceeding was resolved during his term as U.S. Trustee. Judge Rendlen, as U.S. Trustee, initiated a second adversary proceeding against Critique Services, LLC among others in August 2005.[3] As U.S. Trustee, Judge Rendlen supervised the attorneys that prosecuted these adversary proceedings in his name. (App. 889-891, Doc. 201.)

_____

[2] Proceeding 03-04003 in Bankruptcy Case 02-53575-A172-7 (*In re*: Deborah Thompson).

[3] Adversary Proceeding 05-04254 and Bankruptcy Case 05-43244-A659-7 (In re: David Hardge). The pleadings and docket entries of these adversary proceedings are part of the public files of the Bankruptcy Court for the Eastern District of Missouri.

Robinson filed the initial Voluntary Petition in Bankruptcy on behalf of the Debtor on June 17, 2011 (App. 31-84, Doc. 1). He signed as attorney "James Robinson," but indicated that the name and address of Payee was "James Robinson d/b/a Critique Services." He did not designate that he was "d/b/a Critique Services, LLC." In all proceedings herein in which he signed as an attorney, Robinson signed "d/b/a Critique Services" only.[4]

In his Memorandum and Order, Judge Rendlen stated that while he served as the U.S. Trustee he received numerous complaints about Critique Services, LLC and undertook investigations against it. (App. 889-891, Doc. 201.) He also stated that Robinson "runs a business that is a low-rent petition preparation mill masquerading as a law practice . . ." (App. 929-932, Doc. 201). There is nothing in the record, nor did Judge Rendlen cite to any evidence, to support these statements adverse to these two Appellants.

The only information in the record adverse to these two Appellants were the allegations made by Debtor in her writing to the Court dated April 5, 2013, which Debtor labeled an Amended Complaint in Adversary Proceeding 12-04341 initiated against FMCC. The Bankruptcy Court, *sua sponte,* characterized Debtor's

---

[4] For example, in his Motion to Withdraw as Counsel for Debtor filed May 8, 2013, he signed as "James Robinson, d/b/a Critique Services" (App. 135, Doc. 34). The Bankruptcy Court granted this Motion on May 15, 2013. (App. 140, Doc. 35.)

submission as a Motion to Disgorge attorneys fees (App. 126-7, Doc. 29) in which she alleged in her individual case that Robinson and persons affiliated with him did not provide her with proper legal services. She named Critique Services, LLC as a party defendant in the body of her document complaint, not in its caption. Debtor never stated what the relationship between these two Appellants was. She did not allege negligent acts by these two Appellants beyond her complaints about what occurred during Robinson's representation of her. At a hearing on May 15, 2013 while Debtor was still *pro se*, the Bankruptcy Court directed her to give Walton a chronological, clear and concise history of her complaints. (App. 1436-38, Transcript 5/15/13.) Debtor never amended her "pleading." Debtor never complied with this directive, even after she obtained new counsel. (See Docket Entries at App. 1-30.)

In her Motion, Debtor requested repayment of the fees paid to Robinson and other non-fee damages relating to Robinson's representation. By the Bankruptcy Court characterizing Debtor's submission as a Motion to Disgorge, rather than an adversary complaint of legal malpractice, Robinson and Critique Services, LLC could not assert their right to a trial by jury, request withdrawal of the automatic reference to the Bankruptcy Court, or challenge subject matter jurisdiction. Many of the material acts that Debtor complained of occurred before Debtor filed her first Voluntary Petition in Bankruptcy. (App. 126-7, Doc. 29.) All occurred before she filed her Amended Petition in June 2013. (App. 169-230, Doc. 49.)

In the settlement of the second adversary proceeding initiated by Judge Rendlen when he was U.S. Trustee, Critique Services, LLC agreed not to act as a bankruptcy preparer. It agreed only to provide support services to an attorney who practiced bankruptcy law. (App. 1228-1240.) The agreement allowed it to license the use of its proprietary name, trade and service mark "Critique Services" and to provide enumerated services to an attorney pursuant to a contract, the terms of which were set forth in that agreement which has been a public record since July 31, 2007. (App. 1228-1240.)

Critique Services, LLC is a distinct legal entity under the laws of the State of Missouri (see copy of its original Articles of Organization from the public records of the Secretary of State for the State of Missouri attached hereto and incorporated herein as Exhibit 1).[5] The record below does not reflect for what period of time Robinson used the "d/b/a Critique Services" or for how long he had an agreement with Critique Services, LLC that conformed to the terms of the July 31, 2007 settlement. There is no evidence that Critique Services, LLC violated the terms of this 2007 settlement.[6]

---

[5] Although the original Articles of Incorporation stated that Critique Services, LLC would prepare bankruptcy petitions, the July 31, 2007 settlement changed the nature of Critique Services, LLC's business. It has complied with the terms of that agreement.

[6] In denying Motions for a Stay of his Judgment and Order on July 29, 2014 (App. 1181-1184, Doc. 265), Judge Rendlen states that there were such findings

Debtor's original Bankruptcy Petition was filed in June 2011. She received her discharge on November 21, 2011. (App. 117, Doc. 21.) Before her discharge, Debtor reaffirmed her debt with FMCC. (App. 89-110, Docs. 12 & 13.) On November 18, 2011, acting *pro se*, Debtor filed a Motion to withdraw her reaffirmation of her FMCC debt in which she listed her address as being the same address she listed on her original Voluntary Petition in Hazelwood, Missouri. (App. 113-114 & 31-34, Docs. 18 & 1.) On November 16, 2012, Debtor, again acting *pro se*, filed a notice of change of address listing her "former" address as the address in Hazelwood previously listed and her "new" address in Troy, Missouri. (App. 120, Doc. 25.)

Debtor filed a Motion to reopen her bankruptcy case at the end of 2012 (App. 119, Doc. 24) and filed an adversary complaint (12-04341) against FMCC (App. 122, Doc. 28). During a hearing on the adversary complaint on March 27, 2013 the Debtor complained about Robinson and Critique Services, LLC. The Bankruptcy Court suggested that she amend her adversary complaint to bring suit against Critique Services, LLC and Robinson. (App. 1286-1289, Transcript of 3/27/13.) The Bankruptcy Court and the clerk told Debtor that she needed to have a summons issued and served on Critique Services, LLC (App. 1286-1288, Transcript of 3/27/13)

_____

pursuant to Debtor's Motion to Disgorge. However, that is based upon Judge Rendlen ordering sanctions against Critique Services, LLC for failing to comply with discovery and therefore, accepting all of Debtor's allegations as true even though no discovery had been directed to Critique Services, LLC. If Critique Services, LLC's arguments herein are valid, then those findings are a nullity.

which she never did.

Debtor personally appeared and filed a document in the Bankruptcy Court on April 5, 2013 which she labeled an Amended Complaint in the FMCC Adversary Proceeding 12-04341 (App. 1272-3) as the Bankruptcy Court had instructed her to do. However, that same day the Bankruptcy Court ordered that the Amended Complaint be construed as a Motion to Disgorge fees of $495.00 even though Debtor asked for damages well beyond those fees. (App. 126-7, Doc. 29.) Through its actions, the Bankruptcy Court was implicitly, if not explicitly, deciding that Debtor had standing to bring the Motion to Disgorge fees even though her allegations concerned material acts that occurred before she filed her original Bankruptcy Petition. (App. 126, Doc. 29.)

On May 7, 2013 Walton entered his appearance on the Motion to Disgorge for "Respondents," although naming only one, "James Robinson, d/b/a Critique Services, LLC," a designation that Mr. Robinson had never used and which was a mistake on Walton's part. (App. 130, Doc. 32.) Simultaneously, Walton filed a Response to the Motion to Disgorge (App. 131, Doc. 33), but only for Respondent (singular) "James Robinson, d/b/a Critique Services, LLC." On June 17, 2013 current counsel for Debtor entered his appearance (App. 145, Doc. 38) and filed motions. On June 26, 2013, he filed Debtor's Amended Voluntary Petition (App. 169-230, Doc. 49). Current counsel has continuously represented Debtor since then. Debtor never

amended the Motion to Disgorge.  (See docket Entries, App. 1-30.)

The Motion does not state that Robinson was acting within the course and scope of any agency that he might have had with Critique Services, LLC or *vice versa*.  (App. 126-7, Doc. 29.)  The Motion was never served on Critique Services, LLC.  (See Docket Entries, App. 1-30.)  All of the acts Debtor complains of in her Motion occurred before she filed her Amended Voluntary Petition in Bankruptcy on June 26, 2013.  (App. 116-231, Doc. 49.)  Debtor never amended her schedules in any way pertinent to this case.  (App. 234-238, Docs. 51-55.)

On July 10, 2013, Debtor filed an Affidavit of False Statement claiming that she had been directed by a person in Robinson's office falsely to state on her original Petition that her address had been in Hazelwood, Missouri, when it had been in St. Charles County (although she reaffirmed the Hazelwood address twice when acting *pro se*) and to claim falsely her three nephews were dependents.  At her meeting of creditors on July 25, 2011, Debtor was told by her Chapter 7 Trustee that she was providing information under oath and had to be truthful.  Robinson was not at that meeting.  Debtor signed the original Voluntary Petition which states that she is providing the information therein under oath attesting to its veracity.   (App. 31-34, Doc. 1.)

On June 26, 2013, counsel for Debtor also filed Interrogatories and Requests for Production of Documents (App. 161-168, Docs. 46 & 47) that were captioned

with only Robinson as a Respondent and were directed only to Respondent (singular). There was no request for discovery directed to Critique Services, LLC. The parties had significant conflicts over the discovery. Walton filed Motions to Quash the discovery and supporting Memoranda on July 20, 2013 (App. 239-246, Docs. 56, 57, 58 & 59) on behalf of Robinson only (and not d/b/a Critique Services, LLC or Critique Services). The Bankruptcy Court denied those Motions on July 31, 2013. (App. 247, Doc 60.) There were hearings at which various issues relating to the discovery were discussed on August 14, September 4, September 11, and September 18, 2013 in which Walton introduced himself as representing Respondent (singular). (App. at 1343-44, 1443-44. 1355-56, 1380-81.) At prior hearings on May 8, May 15, and June 26, 2013 it was noted or Walton stated he represented "Respondent" or "Robinson." (App. at 1325-26, 1410-11, 1464-5.)

On September 16, 2013 Debtor filed a Motion to Compel Robinson to answer the discovery. The caption of that Motion listed only one Respondent, Robinson, and only referred to compelling a single Respondent to comply with discovery. (App. 251-294, Doc. 63.) Walton filed a Response to the Motion to Compel on September 18, 2013 in which he referred only to one Respondent, "James Robinson d/b/a Critique Services, LLC," a misnomer. In a hearing held on September 18, the Bankruptcy Court, frustrated with Walton, stated that Critique Services, LLC must provide information as to how it was intertwined with Robinson. (App. 1396, 1398,

1409, Transcript of 9/18/13.) Critique Services, LLC had not been served with process or discovery or separately represented on the Motion to Disgorge at that time. (Docket Entries, App. 1-30.)

In spite of that, in its Order compelling discovery entered September 20, 2013 (App. 333-338, Doc. 68), the Bankruptcy Court referred to Robinson "and his d/b/a law firm Critique Services, LLC," making them both obligated to comply with discovery that had not been directed to Critique Services, LLC. (App. 161-168, 251-294, Docs. 46, 47 & 63.) It was the Bankruptcy Court who interjected Critique Services, LLC, a legal entity separate from Robinson and which had not been served with process, into the controversy concerning Debtor's discovery.

Walton, acting on behalf of Robinson, and after that also Critique Services, LLC, filed a Motion to Disqualify Judge Rendlen on September 24, 2013 (App. 339-367, Doc. 69), only four days after Judge Rendlen interjected Critique Services, LLC, as a separate entity into the proceedings. In that Motion to Recuse, Walton incorrectly stated that Critique Services, LLC was Robinson's law firm. Pursuant to 28 U.S.C. §455(a), that Motion sought for Judge Rendlen to recuse himself because when he was the U.S. Trustee he had been an adversary to Critique Services, LLC among other claims.[7] Judge Rendlen denied the Motion to Recuse the next day.

---

[7] The Motion to Recuse also stated that as U.S. Trustee, Judge Rendlen served as an attorney prosecuting the adversary proceedings against Critique Services, LLC which Judge Rendlen stated was untrue in his ruling denying the

(App. 387-399, Doc. 71.)

Walton represented both Robinson and Critique Services, LLC in a Motion to Set Aside the Order to Compel Discovery filed September 28, 2013. (App. 402-413, Doc. 74.) Counsel for Debtor continued to refer only to having requested discovery from one Respondent in his Notice to the Court and Second Supplement to Certificate of good faith communication regarding discovery also filed on September 28, 2013. (App. 414-418, Docs. 75 & 76.) On October 2, 2013, the Bankruptcy Court entered an Order imposing sanctions upon Robinson and Critique Services, LLC for discovery failures. The Bankruptcy Court again incorrectly stated that the Debtor served discovery upon Respondents (plural). (App.473-474, Doc. 84.)

On November 13, 2013, the Bankruptcy Court entered an Order imposing additional sanctions on Robinson and Critique Services, LLC for discovery failures. It incorrectly refers to their joint discovery obligations. The Bankruptcy Court stated that Robinson "repeatedly represented that he does business as Respondent Critique Services." It placed the burden on both Robinson and Critique Services, LLC to provide answers to the interrogatories and castigates them for trying to avoid answering discovery. (App. 532-33, Doc. 100.) Besides the fact that no discovery had been served on Critique Services, LLC, there was no record concerning the

Motion to Recuse (App. 387-399, Doc. 71) and in other rulings thereafter. He acknowledged supervising the attorneys who prosecuted the adversary proceedings.

relationship between Robinson and Critique Services, LLC that would make it obligated for whatever Robinson did or failed to do. The Bankruptcy Court never cites any authority that it had over Critique Services, LLC concerning discovery. It faulted Walton and Respondents for failing accurately to state the facts of what he did as U.S. Trustee.

In early 2014, the parties engaged in extensive efforts to compromise their differences arising from the Motion To Disgorge and another Adversary Proceeding. (See Adversary Proceeding filed December 9, 2013, No. 13-04284 – App. 565-585, Doc. 118.) The parties reached a settlement. Debtor filed a Motion seeking the Bankruptcy Court's approval of the settlement. (App. 630-634, Doc. 144 filed April 10, 2014.) On the same date, Debtor filed a Notice to the Court stating that she no longer needed discovery because her differences with Appellants had been resolved. She withdrew the Motion to Compel discovery "for all intents and purposes." (App. 638-641, Doc. 146.) Debtor stated "the Movant (Debtor) instigated a contested matter against Defendant James Robinson on April 5, 2013." (¶2.) That Notice did not state that the contested matter was also against Critique Services, LLC. It stated that the Debtor submitted discovery to Respondent (singular) on June 26, 2013. It refers to Debtor's Motion to Compel discovery from Respondent (singular) granted by the Court. It states that the Debtor filed an Adversary Proceeding on December 9, 2013 against Respondent (singular) and other Defendants. (¶8.)

On April 10, 2014, before ruling on Debtor's Motion to Compromise, the Bankruptcy Court ordered the Debtor to accept whatever discovery was produced by Robinson and Critique Services, LLC pursuant to its Orders, even though Critique Services, LLC had not been subject to discovery. (App. 644-646, Doc. 148.) On April 28, 2014, the Bankruptcy Court denied the Motion to Approve the Settlement. (App. 798-800, Doc. 177.) It noted that only the Trustee can bring a Fed. R. Bankr. P. 9019 motion for a settlement to be approved. The Bankruptcy Court implicitly, if not explicitly, recognized that the Motion to Disgorge and other matters covered by the settlement did not belong to the Debtor, but, instead, belonged to her Chapter 7 Trustee. Without holding any further hearings, the Bankruptcy Court later entered its Judgment (App. 842-846, Doc. 199) and Memorandum and Order (App. 847-948, Doc. 201) on June 10, 2014. In both, the Bankruptcy Court seeks information about Critique Services, LLC and its relationship to Robinson, verifying that there was no record of the relationship between the two, which the Bankruptcy Court acknowledged when denying Motions for a Stay. (App. 1192, Doc. 265.)

As a non-monetary sanction, the Judgment prohibits Critique Services, LLC and Robinson from defending the Motion to Disgorge and accepted all allegations stated in that Motion as true. The Bankruptcy Court entered a Judgment for Sanctions jointly and severally against all Appellants in amounts of $30,000 and $19,720. Throughout the Memorandum and Order, the Bankruptcy Court refers to

both Robinson and Critique Services, LLC as Respondents who acted jointly. It does not recognize that Critique Services, LLC was never served with discovery. It prohibited Robinson and Walton from practicing in the Bankruptcy Court for one year. (App. 847-948, Doc. 201.)

After the entry of the Judgment and Memorandum, Walton, Robinson, and Critique Services, LLC filed timely appeals from the Judgment to this District Court. (App. 949-951, 998-1000, 1017-1020, Docs. 202, 224, and 232.)[8]

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

---

[8] They also filed Motions for a Stay which Judge Rendlen denied on July 29, 2014 (App. 1137-1250, Doc. 265).

# SUMMARY OF THE ARGUMENT

## The Debtor Did Not Have Standing to Bring Her Claim Because it Belonged to the Chapter 7 Trustee.

In support of her Motion to Disgorge attorney's fees, Debtor alleged acts of bad behavior by Robinson and his staff, all of which occurred before she filed her Amended Petition. By operation of the Bankruptcy Code, any possible cause of action which Debtor had that arose before she filed her bankruptcy petition became the property of the Chapter 7 Trustee. Therefore, Debtor had no interest in the Motion to Disgorge and had no standing to bring it. The Bankruptcy Court recognized this, but did not act on it.

## Judge Rendlen Should Have Recused Himself Because He Had Been an Adversary Against Critique Services, LLC Before Becoming a Judge.

Judge Rendlen had been a U.S. Trustee before being appointed as a Bankruptcy judge. As a U.S. Trustee he brought two adversary complaints against Critique Services, LLC alleging improper actions while assisting persons who filed bankruptcies. Judge Rendlen, as U.S. Trustee, supervised the attorneys prosecuting those adversary complaints. In his Memorandum, Judge Rendlen cites facts that he knew about Critique Services, LLC from complaints brought against it when he was the U.S. Trustee and about Robinson, all of which were outside the record.

Under 28 U.S.C. §455(a) a judge should recuse himself if a neutral, objective observer would reasonably believe that the judge could not be impartial. No evidence

of actual partiality is required. Given Judge Rendlen's past adversarial position against Critique Services, LLC, he should have recused himself from this case.

## Debtor Acknowledged That the Attorney's Fees She Paid Were Disgorged Resulting in the Bankruptcy Court Losing Jurisdiction over the Subject Matter.

Debtor verified that she paid a fee of only $199. Her counsel verified that that fee had been repaid on October 31, 2013. At that time there was no further controversy pursuant to the Motion to Disgorge to be resolved. The Court lost jurisdiction of the subject matter and should have dismissed the case.

## No Sanctions Should Have Been Entered Against Critique Services, LLC Because No Discovery Was Directed Toward it.

The Bankruptcy Court sanctioned Critique Services, LLC in the approximate amount of $50,000 and ordered it to provide certain information as a result of its failure to respond to discovery appropriately. The discovery had only been directed to Robinson. There was no showing that Robinson controlled or dominated Critique Services, LLC. There was no basis in this case for the Bankruptcy Court to have sanctioned Critique Services, LLC for discovery failures.

## The Bankruptcy Court Should Have Dismissed Critique Services, LLC Before Any Order Was Entered Against it Because of Plaintiff's Failure to Serve it.

There was no service on Critique Services, LLC. Walton entered his appearance only for Robinson. Both Walton and Debtor's counsel stated in pleadings that the Motion to Disgorge was only against one Respondent, Robinson, through

September 20, 2013 when the Bankruptcy Court compelled Critique Services, LLC to respond to Discovery. The Motion to Disgorge should have been dismissed as to Critique Services, LLC before then.

### The Bankruptcy Court Should Have Dismissed the Motion to Disgorge Because of the Debtor's Bad Conduct of Admittedly Lying under Oath.

Debtor acknowledged that she lied about her address and the number of dependents she stated on her original Bankruptcy Petition. She alleged that staff of Robinson urged her to do so. However, when acting *pro se*, Debtor stated twice that her address was the same as the one listed on her original Petition. Debtor acknowledged lying under oath. Debtor's Motion to Disgorge should have been dismissed because of her own wrongful conduct.

### The Bankruptcy Court Had No Authority to Sanction Appellants for Discovery Failures Once the Parties Settled Their Differences.

Assuming Debtor had standing, once she settled her claims against Appellants, the Bankruptcy Court had no authority to issue its final Judgment and Orders. The Bankruptcy Court labeled its sanctions as being for civil contempt. If that is so, then the settlement terminated all issues between the parties, including issues over discovery and sanctions for discovery failures. The Bankruptcy Court lost jurisdiction once the parties resolved their differences.

### The Bankruptcy Court Was Without Authority to Change Debtor's
### Amended Complaint in the Adversary Proceeding into a
### Motion to Disgorge Attorney's Fees in Debtor's Chapter 7 Case.

Pursuant to the Bankruptcy Court's Order, Debtor filed an Amended Complaint in her FMCC adversary case, naming Robinson and possibly Critique Services, LLC as defendant(s). The Bankruptcy Court, *sua sponte*, converted that Complaint into a Motion to Disgorge in Debtor's Chapter 7 case. Under Federal Bankruptcy Rules, it had no authority to do that because it affected these Appellants' substantive rights to a jury trial, to move to withdraw the automatic reference, and to challenge subject matter jurisdiction.

### The Sanctions and Penalties Entered by the Bankruptcy Court
### Were for Criminal Contempt for Which it Had No Authority and Were Not
### Pursuant to a Motion, Notice and Hearing as Required by Bankruptcy Rules.

Bankruptcy Courts cannot preside over issues of criminal contempt. The Bankruptcy Court did not afford Appellants an opportunity to purge the alleged contempt, making the Bankruptcy Court's rulings criminal rather than for civil contempt. Under Bankruptcy rules contempt may only be ordered upon a motion, notice and a hearing which did not occur in this case.

### Under Local Rules of Court, a Single Judge Does Not Have
### the Authority to Suspend an Attorney from Practice Before It.

The Bankruptcy Court suspended Robinson and Walton from practicing before any Bankruptcy court in this district for one year. However, local rules governing the

Bankruptcy and District Courts provide that this can only be done by a three judge panel.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**ARGUMENT**

I. **The Bankruptcy Court Erred by Not Dismissing the Underlying Motion to Disgorge Attorney Fees Because the Debtor Did Not Have Standing to Bring That Motion Since All Rights to and Interest in the Disgorged Fees Had Passed to the Chapter 7 Trustee by Operation of the Bankruptcy Code Which Judge Rendlen Recognized, but Failed to Act On.**

## (Standard of Review: de novo)

Debtor based her Motion to Disgorge on material acts that occurred before she filed her original Bankruptcy Petition in June 2011. All of the acts she complained of arose before she amended her Voluntary Petition on June 26, 2013. All causes of action that arise prior to the filing of a Bankruptcy Petition (or an Amended Petition) are the property of the Chapter 7 Trustee who had all rights to and interests in the Motion to Disgorge. Debtor had no standing to assert the claims therein. Parker v. Wendy's Int'l., Inc., 365 F.3d 1268 (11th Cir. 2004); Wieburg v. GTE Southwest Incorporated, 272 F.3d 302 (5th Cir. 2001); Harris v. St. Louis University, 114 B.R. 647, 649 (E.D. Mo. 1990); In re: Tvorik, 83 B.R. 450 (Bankr. W.D. Mich. 1988).

A debtor in bankruptcy must disclose all legal and equitable interest in any property. 11 U.S.C. §521. The debtor may exempt certain property needed for a fresh start, but cannot do that unless she has first listed the property. Vreugdenhill v. Navistar Int'l. Transport Corp., 950 F.2d 524 (8th Cir. 1991); In re: Graham, 726

F.2d 1268 (8th Cir. 1984).  U.S. *ex rel*. Gebert v. Transp. Admin. Servs., 260 F.3d

909 (8th Cir. 2001) defines property of a debtor that should be included in the

bankruptcy estate broadly to encompass all conditional, future, speculative and

equitable interests the debtor has including potential claims and lawsuits.  In Harris

v. St. Louis Univ., *supra*, where the debtor filed an EEOC Questionnaire alleging

the discrimination three months before her petition in bankruptcy was filed, the

debtor could not independently pursue the claim.

Once Debtor filed what the Bankruptcy Court characterized as her Motion to

Disgorge, and certainly after she filed her Amended Petition in Bankruptcy in June

2013 (App. 169-230, Doc. 49), Debtor's rights to that claim transferred to her

Chapter 7 Trustee by operation of the Bankruptcy Code.  The Bankruptcy Court

recognized as much when it denied Debtor's Motion to Compromise her claims

because her Chapter 7 Trustee did not join in that motion.  (App. 798-800, Doc. 177

filed 4/28/14.)  The Bankruptcy Court also recognized that Debtor's claim in her

Motion to Disgorge was the property of her Chapter 7 Trustee by awarding the

disgorged fee to the Trustee.  (App. 845, 937-943, 958, Docs. 199& 201.)  The

Bankruptcy Court should, therefore, have dismissed the Motion to Disgorge when it

was filed.  Henderson v. ADT Sec. Serv., 2005 U.S. Dist. LEXIS 45677 (W.D. Mo.

2005).

The Debtor cannot pursue a claim that becomes the property of the Chapter 7

Trustee unless the Trustee abandons the claim by an affirmative act.  Roling v. Moenk, 2007 U.S. Dist. LEXIS 88 (N.D. IA 2007).  In the instant case, Debtor's Motion to Disgorge was never transferred to her Chapter 7 Trustee and, therefore, there is no record that her Chapter 7 Trustee abandoned the claim.  Debtor  had no standing to bring it. Vreugdenhill v. Navistar Int'l. Transport Corp., *supra*.

Standing is jurisdictional and not subject to waiver.  A court should raise the issue of standing, *sua sponte,* even if the parties have neglected to do so.  Delorme v. United States, 354 F.3d 810 (8th Cir. 2004); Kriegel v. Noble (*In re:* Am. Energy Trading, Inc., 291 B.R. 159 (Bankr. W.D. Mo. 2003).

Standing can even be decided during later phases of litigation after discovering whether factual allegations necessary to determine standing will be supported by the evidence.   Families For Asbestos Compliance Testing & Safety v. City of St. Louis, 638 F. Supp.2d 1117 (E.D. Mo. 2009).  At numerous stages of the litigation below, the Bankruptcy Court should have dismissed the Motion to Disgorge for Debtor's lack of standing.  For example, when Debtor amended her Voluntary Petition in Bankruptcy in June 2013, the Bankruptcy Court should have recognized that the claim pursuant to the Motion to Disgorge was the property of the Chapter 7 Trustee.  The Bankruptcy Court did not have jurisdiction.  All actions taken pursuant to the Motion to Disgorge are for naught.  Elliot v. Piersol, 26 U.S. 328, 340 (1828).  This Court should reverse the Judgment below.

**II. The Bankruptcy Court (Judge Rendlen) Erred in Denying Appellant Robinson's and Critique Services, LLC's Motion to Recuse Because Judge Rendlen's Past Adversarial Relationship to Critique Services, LLC When He Was U.S. Trustee and His Knowledge of Complaints and Investigations Against It Would Lead an Objective, Neutral Observer Reasonably to Believe That Judge Rendlen Could Not Be Impartial and That He Should Have Recused Himself in Accordance with 28 U.S.C. §455(a).**

<u>**(Standard of Review: Abuse of Discretion)**</u>

By statute, a court should recuse itself if its impartiality might reasonably be questioned by an objective, neutral observer. 28 U.S.C. §455(a). This statute does not require a showing of actual bias. <u>Lunde V. Helms</u>, 29 F.3d 367 (8th Cir. 1994); <u>*In re:* Chevron USA, Inc.</u>, 121 F.3d 163 (5th Cir. 1997). As the Supreme Court emphasized, the intent behind this statute is to avoid what might appear to be a court that favors one party in litigation over another. <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 108 S. Crt. 2194 (1988).

Judge Rendlen was the United States Trustee from June 2003 until he was appointed to be a Bankruptcy Judge in May 2006. (App. 889-891, Doc. 201.) As U.S. Trustee, he initiated and was plaintiff in two adversary proceedings against Critique Services, LLC. Judge Rendlen acknowledged that he supervised the attorneys that prosecuted those adversary proceedings (App. 889-891, Doc. 201.) Judge Rendlen stated that he knew of complaints about Critique Services, LLC and had investigated them when he was U.S. Trustee (App. 889-891, Doc. 201) and that

Robinson was a "low-rent petition preparation mill masquerading as a law practice". (App. 929-932, Doc. 201.) There was no evidence in the record for what he described about these two Appellants. As evidenced by his order in the Judgment (App. 843, Doc. 199) requiring these two Appellants to produce records showing the relationship between them, there also was nothing in the record to establish what that relationship was, which he acknowledged. (App. 1192, Doc. 265.)

In the settlement in the second adversary proceeding against Critique Services, LLC, it agreed not to act as a bankruptcy preparer and to act only by assisting an attorney practicing bankruptcy law by providing office facilities, advertising, software and training on software use to an attorney and his staff, a license to use the proprietary name, trade, and service mark "Critique Services," a telephone number and bookkeeping services [emphasis added]. It agreed to provide these services pursuant to a contract, the terms of which were set forth in that settlement agreement, a public record. (See App. 1228-1240, Doc. 84 filed July 31, 2007 in Advs. No. 05-04254-659.) Critique Services, LLC is a distinct legal entity under the laws of Missouri. See Exhibit 1. There was no evidence in the record that the relationship between Robinson and Critique Services, LLC was any different than what the 2007 settlement required.

An informed neutral, observer might reasonably question whether a trial judge who had been the adversary of Critique Services, LLC in prior proceedings

concerning its bankruptcy related business and had particular knowledge about Critique Services, LLC outside the record might be impartial. An objective observer would conclude that this judge could not be impartial because of affirmative positions he took previously and the possibility that he might consider extrajudicial information (as he appeared to have done). On that basis Judge Rendlen should have recused himself in this case. U.S. v. State of Alabama, 828 F.2d 1532 (11th Cir. 1987); see also, Anderson v. State of Missouri, 402 S.W.3d 86 (Mo. 2013) (recusal based on the appearance of partiality).

When there is no record, the party opposing the use of the information cannot obtain appellate review. Anderson, *supra*, 402 S.W.3d at 92-3. Judge Rendlen revealed that he was aware of uncomplimentary, extra judicial facts about both Critique Services, LLC and Robinson. That objectively demonstrates partiality, the appearance of which this statute is intended to avoid. That should have precluded him from presiding over the Motion to Disgorge. See, *e.g.*, U.S. v. State of Alabama, *supra*; In re: Brooks, 383 F.3d 1036 (D.C. Cir. 2004).

In his denial of the Motion to Recuse, Judge Rendlen states that the Motion was untimely. (App. 387-399, Doc. 71.) Judge Rendlen was wrong. Even a year after Debtor filed her "Motion to Disgorge", counsel for Debtor treated it as a complaint only against Robinson. (App. 638-641, Doc. 146, April 10, 2014.) Even though Debtor mentioned Critique Services in what Judge Rendlen construed as a

Motion to Disgorge (App. 126-7, Doc. 29), whether acting *pro se* or through counsel, she never served Critique Services, LLC as she was directed to do by the Bankruptcy Court and the clerk.

Even though Walton inadvertently stated that his appearance was for Respondent<u>s</u>, he only named one Respondent "Robinson d/b/a Critique Services, LLC" (App. 130, Doc. 32, May 7, 2013). The Response to the Motion to Disgorge Walton filed only refers to a single Respondent. (App. 131-134, Doc. 33.) At seven hearings after Walton entered his appearance, he stated that he represented a Respondent (singular) or explicitly mentioned that he represented Robinson.

The discovery from which the Sanctions and the Judgment emanates was never directed to Critique Services, LLC. It was not until Judge Rendlen granted the Motion to Compel compliance with Debtor's discovery on September 20, 2013 (Doc. 68) did Judge Rendlen specify that he was treating Robinson and Critique Services, LLC as two separate legal entities, both obligated to respond to discovery. That was the first time that Critique Services, LLC was brought into the vigorously fought discovery disputes.

Within four days, Walton filed the Motion to Recuse on behalf of Robinson and Critique Services, LLC. That was the first time Walton distinguished them as two separate legal entities. He based recusal, in part, upon Judge Rendlen's past adversarial position in litigation against Critique Services, LLC. (App. 339-367,

Doc. 69.)  That was sufficient to invoke §455(a).  The Motion to Recuse was timely presented on behalf of Critique Services, LLC.

In United States v. Tucker,78 F.3d 1313 (8th Cir. 1996), the Eighth Circuit noted that 28 U.S.C. §455(a) imposes an obligation to recognize the existence of objective grounds upon which a judge should be recused upon the judge, himself [emphasis added].  78 F.3d at 1324 (relying on Liteky v. United States, 510 U.S. 540 114 S. Crt. 1147 (1994)).  Under this standard, it is Judge Rendlen who should have recused himself when he designated Debtor's document to be a Motion to Disgorge which named Critique Services, LLC (as he directed) as a defendant even without a party moving for recusal.[9]  Had he done that, timeliness would not have been an issue.

Under United States v. Tucker, *supra*, when Judge Rendlen knew that Robinson was somehow affiliated with Critique Services, LLC and that the Motion to Disgorge was directed against Robinson, Judge Rendlen should have recused himself.  Certainly, as soon as Judge Rendlen interpreted the Motion to Disgorge to be against Critique Services, LLC as well as Robinson, he should have recused himself.  Judge Rendlen abused his discretion by failing to recuse himself.

In addition, the Bankruptcy Court engaged in personalized remarks and

_____

[9] For reasons not explained, both Judge Ross and Judge Autry recused themselves from hearing this appeal.

attacks against Walton and Robinson, initiated ex-parte communications with the Chapter 7 trustee and extra judicially demanded that Robinson terminate Walton as his legal counsel. These actions disqualified Judge Rendlen from presiding over the Motion to Disgorge and sanctioning Walton and Robinson. He erred in denying Walton's motions, under 28 U.S.C. §144 and 28 U.S.C. §455, for recusal on these grounds as well. (App. 653-659, 691-790, Docs. 153 & 168.) U.S. v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995). Citing: Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 865, 108 S. Ct. 2194. Also, Liteky v. United States, *supra*. Judge Rendlen denied the Motions for recusal under 28 U.S.C. §144 even though the statute mandates that the motion be decided by another judge.

In In re: Johnson, 921 F.2d 585 (5th Cir. 1991), a bankruptcy judge suspended an attorney from practice before the bankruptcy court for a year and imposed other sanctions for alleged misrepresentations made to the court. In reversing these sanctions, the Fifth Circuit held that the appealing attorney was not required to prove the actual bias of the bankruptcy judge. Rather, the "inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *Id*.

In requiring recusal, the Fifth Circuit noted that the bankruptcy judge considered the actions of the appealing attorney to "be an affront to [his] authority"

– the same assertion made by Judge Rendlen in this case. The appellate court held

that when a trial judge acts on a perceived personal insult, the judge has exhibited a

personal interest in the litigation which requires recusal.  Accord: <u>Alexander v.

Primerica Holdings, Inc.</u>, 10 F.3d 155, 165 (3rd Cir. 1993); <u>United States v.

Holland</u>, 655 F.2d 44 (5th Cir. 1981).

For the reasons stated above, the Judgments below should be reversed and

remanded to a different judge.

### III.     The Bankruptcy Court Erred by Not Dismissing the Motion to Disgorge Attorneys Fees Because When the Fee Was Voluntarily Disgorged, the Motion Became Moot and the Bankruptcy Court Lost Subject Matter Jurisdiction.

### (<u>Standard of Review:   de novo</u>)

When the attorneys fees in controversy were refunded to Debtor, the Motion

to Disgorge became moot.  <u>County of Los Angeles v. Davis</u>, 440 US 625, 99 S. Ct.

1379 (1979).   In general, a case becomes moot "when the issues presented are no

longer "live" or the parties lack a legally cognizable interest in the outcome."

<u>Murphy v. Hunt</u>, 455 US 478, 102 S. Ct. 1181 (1982).

The debtor signed two statements under oath, one in her original voluntary

Petition (App. 31-83, 62, Doc. 1) and one in her amended Petition (App. 169-230,

214, Doc. 49), in which she verified that she paid only $199 in attorney's fees.  In

its final Order (App. 847-948, Doc. 201) the court noted that Debtor's counsel

certified (App. 512-514, Doc. 99) that he had received a refund of the $199 fee on October 31, 2013. The Debtor's counsel retained the fee, but stated that the Debtor would not accept that amount to settle the Motion to Disgorge. Since that was the pre-petition attorney's fees that the Bankruptcy Court deemed Debtor was seeking through her Motion, the Bankruptcy Court had no subject matter jurisdiction after October 2013. The Motion to Disgorge became moot upon Debtor's counsel's receipt and retention of the $199. County of Los Angeles v. Davis, *id*. The Bankruptcy Court should have immediately dismissed the Motion, *sua sponte*, for its lack of jurisdiction. (App. 512-514, Doc. 99).[10]

The Orders and Judgment of the Bankruptcy Court are null, void and unenforceable. The Judgment should be reversed.

---

[10] Though the Bankruptcy Court found the amount of fees to be disgorged was $495, it based that finding on Debtor's unsworn Amended Complaint/Letter Motion for Disgorgement (App. 126-7, Doc. 29). The best and only competent evidence as to the amount of pre-petition fees Debtor paid were her two sworn statements of affairs in her two Petitions (App. 61 & 214, Docs. 1 & 49) and the fee disclosures of counsel in those documents. All four statements attested and certified that the fee paid by debtor was $199. The court should also have noted that Debtor paid a filing fee of $299 (App. 2). The reasonable inference is that in her Adversary Complaint/Letter Motion, Debtor added the filing fee to the attorney's fees and sought $495.

**IV.  The Bankruptcy Court Erred in Ordering Critique Services, LLC to Answer Discovery and Then Entering Sanctions Against it for its Failure to Do So Because No Discovery Had Been Directed to Critique Services, LLC.**

**(Standard of Review:  de novo)**

Debtor directed discovery only to one respondent, Robinson.  (App. 161-168, Docs. 46 & 47.)  Debtor filed her Motion to Compel against only one respondent, Robinson.  (App. 251-294, Doc. 63.)  When Debtor informed the Bankruptcy Court that she no longer required discovery, she stated that she had brought the Motion to Disgorge and sought discovery from only one respondent, Robinson.  (App. 638-641, Doc. 146.)  It was the Bankruptcy Court which sought to hold Critique Services, LLC accountable for the failure of Robinson, alone, to respond to discovery properly.  It was only after hearings in which the Bankruptcy Court deemed Robinson's responses insufficient, that it ordered not only Robinson, but also Critique Services, LLC, to respond to discovery.  (App. 333-338, Doc. 68.)

The Bankruptcy Court had no authority to compel Critique Services, LLC to respond to discovery not directed to it and then later to sanction it for its failure to do so.  A party to a litigation cannot be sanctioned because of the failure of another party to respond to discovery.  Patton v. Aerojet Ordnance Co., 765 F.2d 604 (6th Cir. 1985).  In Patton, many cases were consolidated, but it was not a

class action.  Some plaintiffs did not provide authorizations requested through discovery.  Others had.  Unless there is a showing that the one party is controlled by the actions of the non-complying party, that party cannot be sanctioned for the actions of the non-complying party.  Accord, <u>DeLetelier v. Republic of Chilé</u>, 748 F.2d 790 (2nd Cir. 1984).  In <u>Patton</u>, the Court of Appeals reversed the dismissal of plaintiffs' cases because the record was unclear as to why all claims were dismissed when not all parties failed to respond to discovery.  In the instant case, there has been no showing that Critique Services, LLC is or was controlled by Robinson.  Sanctions cannot be imposed on it for Robinson's failures.

In <u>Alvariza v. Home Depot</u>, 240 F.R.D. 586 (D. CO. 2007), the parties had made agreements concerning documents to be produced, one to the other.  They did not issue formal discovery requests.  The court did not have the power to sanction a party for failing to comply with an agreement to provide information that was not sought through discovery.  The <u>Alvariza</u> court noted that Fed. R. Civ. P. 37(d) (Fed. R. Bankr. P. 7037 applies Rule 37) provides for the imposition of sanctions at the discretion of the court "after proper service" of discovery.  Where no discovery has been served on a party, sanctions cannot be invoked.  In the instant case, Debtor served no discovery on Critique Services, LLC.  It cannot be penalized for failure to comply with that which was not directed to it.

The Bankruptcy Court stated that it was imposing sanctions not only

pursuant to Fed. R. Civ. P. 37(d), but also pursuant to its powers under 11 U.S.C. §105(a). It articulated that the sanctions imposed are for the failure to comply with discovery. It explained that the authority it was exercising under §105(a) was for the same purpose as under Fed. R. Civ. P. 37(d), that is, for Robinson's and Critique Services, LLC's "abuse of the litigation process" by failing to comply with discovery and failing to purge themselves from the sanctions and contempt imposed. (App. 908-927, Doc. 201.)

The Bankruptcy Court never distinguishes what acts, if any, caused it to exercise its power under §105(a) different from what caused it to exercise its powers under Fed. R. Civ. P. 37. It cites no authority under §105(a) for imposing sanctions on a party for not responding to what was not asked of the party. Therefore, under either Fed. R. Civ. P. 37(d) or §105(a), the Bankruptcy Court had no authority to compel Critique Services, LLC to respond to discovery or to sanction it for not doing so. For the reasons stated herein, the Judgment should be reversed as to Critique Services, LLC.

**V. The Bankruptcy Court Erred in Ordering Critique Services, LLC to Comply with Discovery Because the Bankruptcy Court Did Not Have Jurisdiction over Critique Services, LLC and Should Have Dismissed All Claims Against It Since Debtor Did Not Serve Critique Services, LLC Before the Bankruptcy Court Ordered It to Comply with Discovery.**

### (Standard of Review:   de novo)

Debtor, acting *pro se*, filed what the Bankruptcy Court characterized as a Motion to Disgorge fees on April 5, 2013 (App. 126-7, Doc. 29).  It named Critique Services, LLC as a party, but did not attribute specific actions to Critique Services, LLC or specify how it was legally related to Robinson.  On May 7, 2013 Walton entered his appearance for Robinson only and filed a Response to the Motion only on behalf of Robinson.  (App. 130-135, Docs. 32 & 33.)  No summons was ever issued to Critique Services, LLC or served on it.  No Motion was served on it even without a summons.  (See Docket Entries, App. 1-30.)  Debtor never amended her Motion to Disgorge even though the Bankruptcy Court directed her to do so.

A Federal Court acquires jurisdiction over a party only after there has been effective service of process without which the court has no authority to render any action against a party.  Omni Int'l. Ltd. v. Rudolph Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).  Stated another way, a Federal Court does not have jurisdiction to render a judgment or to issue any orders against a party unless service of process has been made in accordance with applicable Federal (or State)

requirements. This is true even if a defendant might have actual notice of a lawsuit. <u>Sieg v. Karnes</u>, 693 F.2d 803 (8th Cir. 1982).

Critique Services, LLC was incorporated and, therefore, a distinct legal entity from Robinson. Robinson was an individual, who on the pleadings that he filed represented that he was "Robinson d/b/a/Critique Services" (not Critique Services, LLC). There was no coincidence of identity between the two. Under Missouri law, even if a person owns all of the shares in a corporation in their entirety, that person and the corporation have separate legal identities. <u>Fairbanks v. Chambers</u>, 665 S.W.2d 33 (Mo. App. W.D. 1984). Even in a situation in which a parent company owns a subsidiary corporation, the corporate veil is not pierced unless there is proof that the one corporation completely controls the other, exercising dominion over the other. <u>Doe v. Quest Diagnostics</u>, 395 S.W.3d 8 (Mo. 2013).

The control must have been used to perpetuate a violation of a legal duty and the violation must proximately cause the loss complained of. <u>Doe</u>, *supra*. In the instant case, there is no record that Robinson had any ownership in Critique Services, LLC. There is no evidence what his relationship was with Critique Services, LLC other than the use of the name "Critique Services" as Critique Services, LLC was permitted to license. The only evidence is that Critique

Services, LLC was a separate legal entity from Robinson.[11]

In denying the Motions for a Stay, the Bankruptcy Court stated that Walton entered his appearance for both Robinson and Critique Services, LLC. (App. 1171, Doc. 265.) It was wrong. It only cited Walton's entry of appearance (App. 130, Doc. 32) which it incorrectly interpreted as an entry for both Robinson and Critique Services, LLC. It ignored that the Response Walton filed on behalf of "Robinson d/b/a/ Critique Services, LLC" was on behalf of only a Respondent (singular), that all pleadings Walton filed from May 2013 through September 20, 2013 were only on behalf of a Respondent (singular) and that Walton introduced himself at seven hearings as only representing a Respondent (singular). (See Statement of Facts at pp. 13-15, *supra*.) The Bankruptcy Court had no authority to compel responses to discovery from Critique Services, LLC on September 20, 2013 when Critique Services, LLC had not yet been served or represented.

Even if Walton had entered his appearance for Critique Services, LLC in May 2013 as the Bankruptcy Court wrongly stated, that was not sufficient to waive service on Critique Services, LLC. Hudson v. Christian, 1994 U.S. App. LEXIS 23966 (D.C. Cir. 1994) referencing by analogy Lewellan v. Morley, 909 F.2d 1073

---

[11] The fact that Walton put in pleadings that he represented "Robinson d/b/a Critique Services, LLC" did not alter the fact that Robinson, himself, had never represented himself as "d/b/a Critique Services, LLC" in any action of which Debtor complained or make that designation into two legal entities.

(7th Cir. 1990).  See, <u>Stout v. U.S. Marshalls Serv.</u>, 2014 U.S. Dist. LEXIS 37

(W.D. OK. 2014).  The Bankruptcy Court did not have jurisdiction over Critique

Services, LLC when it issued orders against it on September 20, 2013.

Fed. R. Civ. P. 4(m), made applicable to adversary proceedings by Fed. R.

Bankr. P. 7004(a), requires that a cause of action be dismissed without prejudice if

a summons and complaint (initial pleading) are not served within 120 days.  It

provides that 120 days can be extended for "good cause."  It requires that notice be

given to the plaintiff by the court before dismissal.  In the instant case, neither the

Debtor nor the Bankruptcy Court raised the issue of Debtor's failure to request a

summons and to serve it within 120 days on Critique Services, LLC.  The Motion

to Disgorge should have been dismissed with regard to Critique Services, LLC on

or about August 5, 2013, 120 days after it was filed.

Although Fed. R. Bankr. P. 9006 has a different provision for serving a

motion, that applies to instances in which a party is already involved in a

bankruptcy proceeding.  In the instant case, Critique Services, LLC had not been

part of any proceedings before the Motion to Disgorge was filed.  Once Debtor

obtained new counsel (June 2013), her submissions to the Bankruptcy Court stated

that there was only one Respondent, Robinson.  Therefore, for Critique Services,

LLC to be made part of the proceedings below, it should have been served with

process.  That is why cases pursuant to Fed. R. Civ. P. 4(m) are instructive.

Shortcomings of the plaintiff's attorney in effectuating service is not "good cause" justifying an extension of the 120 day period.  Geiger v. Allen, 850 F.2d 330, 331 (7th Cir. 1988).  Inadvertence is not good cause and is not excusable neglect for failing to comply with Fed. R. Civ. P. 4(m).  Braxton v. United States, 817 F.2d 238 (3d Cir. 1987).  The fact that a party is filing suit *pro se* does not excuse that party's failure to comply with Fed. R. Civ. P. 4(m).  Reynolds v. United States, 782 F.2d 837 (9th Cir. 1985).  In the instant case, Debtor never served Critique Services, LLC with the "Motion to Disgorge" even when represented.

As explained in Kurka v. Iowa County, 2009 U.S. Dist. LEXIS 26131 (N.D. Iowa 2009), under Fed. R. Civ. P. 4(m) the plaintiff's attorney's discovery that the 120 days passed before attempting to obtain a summons is not "good cause."  If good cause is not shown, a district court still may extend the 120 days for "excusable neglect."  See also, Colasante v. Wells Fargo Corp., 81 F. Appx. 611 (8th Cir. 2003) (*per curium*).  The plaintiff in Kurka failed to meet both burdens just as Debtor herein has not shown any reason for not serving Critique Services, LLC.  Debtor's claims against Critique Services, LLC should therefore have been dismissed before Debtor filed a Motion to Compel against Robinson.  See Printed Media Servs. Inc. v. Solna Webb, Inc., 11 F.3d 838 (8th Cir. 1993).

In the instant case, the Bankruptcy Court should have dismissed the Motion to Disgorge against Critique Services, LLC in August 2013.  All actions that occurred thereafter against Critique Services, LLC are for naught.  The judgment should be reversed as to Critique Services, LLC.

**VI.    The Bankruptcy Court Erred by Not Dismissing Debtor's Motion to Disgorge Because of Her past Wrongful, Bad Conduct of Admittedly Lying under Oath in Her Bankruptcy Proceedings.**

**(Standard of Review:  de novo)**

Debtor acknowledged that she lied to the Bankruptcy Court when she filed her initial Voluntary Petition.  She claimed in an affidavit that she misrepresented her address and the number of dependants she had at the urging of Robinson's staff.  (App. 231-233, Doc. 50 filed 7/10/13.)  Although she claimed to have been converted to "telling the truth," filings that Debtor made while she was unrepresented lists her address as the same address that she listed on her original Bankruptcy Petition more than six months later (App. 113-114, Doc. 18 filed 11/18/11) and a year thereafter (App. 120, Doc. 25 filed 11/16/12).

The doctrine of *in pari delicto* prohibits a person from maintaining an action when, "in order to establish [her] cause of action, [s]he must rely, in whole or in part, on an illegal or immoral act or transaction to which [s]he is a party."  Dobbs v. Dobbs Tire & Auto Centers, Inc., 969 S.W.2d 894 (Mo. App. E.D. 1998).  Thus,

"anyone who engages in a fraudulent scheme forfeits all rights to protection, either at law or equity." <u>Kansas City Operating Corp. v. Durwood</u>, 278 F.2d 354 (8th Cir. 1960).

Debtor sought disgorgement of fees for alleged "suborning" her intentional misrepresentations. Applicable law prohibits Debtor from benefitting from her immoral and illegal acts. In <u>Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot</u>, 312 Pa. Super. 125, 458 A2d 545 (1983), the plaintiffs brought suit against their former law firm for encouraging them to offer perjured testimony in proceedings before the National Labor Relations Board. In dismissing the plaintiffs' claims, the court was loathe to "encourage others to believe that if they commit crimes on their lawyers' advice . . . they too might sue their lawyers and be similarly rewarded." <u>Id.</u> at 552.

In <u>Kirland v. Mannis</u>, 55 Ore. App. 613, 639 P.2d 671 (Ore. App. 1982), a plaintiff sued his former attorney claiming that the attorney had induced the plaintiff to testify falsely causing him to be convicted of a crime. In summarily dismissing the case, the reviewing court wrote that "[b]ecause of his acknowledged perjury, plaintiff brings his complaint with unclean hands and may not recover." 639 P.2d at 673. The same applies to Debtor. Therefore, this Court should reverse the Judgment below.

**VII. The Bankruptcy Court Erred by Sanctioning Appellants for Discovery Failures Because the Debtor Settled Her Case, Withdrew Her Motion to Compel Discovery and Sought No Sanctions Or Award of Attorney's Fees.**[12]

**(Standard of Review:   Abuse of Discretion)**

The Bankruptcy Court, *sua sponte*, issued a Notice of Intent to Sanction Robinson and Walton for alleged failure to comply with discovery under Fed. R. Bankr. P. 7037 which adopts Fed. R. Civ. P. 37.  (App. 613-621, Docs. 134 & 136) and Ordered Debtor's counsel to offer evidence of his fees (App. 622-623, Doc. 139).  Debtor withdrew her Motion to Compel Discovery, had settled the case and stated that she had no need for discovery and could not accept discovery under the terms of the settlement.  Discovery was no longer a matter of controversy.  (App. 638-641, Doc. 146.)

The Bankruptcy Court, abusing its discretion and in excess of its jurisdiction, asserted that Debtor had no right to withdraw her motion to compel discovery.  Under the threat of sanctions, the Bankruptcy Court ordered her to accept discovery notwithstanding the fact that her case had been settled.  (App. 644-646, Doc. 148.)  Discovery is not for the court, but for the parties.  Discovery is only presented to the court by introduction at trial or in support of a motion to

---

[12]  This argument assumes that Debtor had standing to pursue her Motion to Disgorge Attorneys Fees.  If so, the settlement of her claims ended the Bankruptcy Court's authority before it entered its Judgment and Order on June 10, 2014.

compel. Fed. R. Civ. P. 37 mandates that the parties attempt to resolve discovery disputes before seeking to compel discovery. Once the parties' dispute is resolved, discovery is unnecessary. When the parties settled their disputes, the Bankruptcy Court lost its authority to impose sanctions. <u>Gompers v. Buck Stove & Range</u>, 221 US 418, 31 S. Ct. 492 (1911). (When the main case is settled, the court loses its authority and all civil contempt proceedings end.) See also, <u>United States v. International Union</u>, 190 F.2d 865 (DC Cir. 1951) (settlement of underlying claims renders civil contempt order moot).

The Bankruptcy Court's Order mandating discovery after settlement of the case was an abuse of its discretion and beyond its jurisdiction. In an effort to avoid this consequence, the Bankruptcy Court asserted that it was entering its Judgment for monetary sanctions and Attorney's fees under Fed. R. Bankr. P. 9011. (App. 908-927, Doc. 201.) However, Rule 9011 is not applicable to Discovery.

Debtor filed a Motion to approve the settlement on April 10, 2014. (App. 630-634, Doc. 144.) On April 21, 2014, the Bankruptcy Court, *sua sponte*, issued a Notice of Intent to Sanction Walton and Robinson (App. 684-686, Doc. 165) for false representations and statements allegedly made. In its Judgment, the Bankruptcy Court cited Fed. R. Bankr. P. 9011 as its authority for sanctioning these attorneys. (App. 842-846, Doc. 199.) However, Rule 9011 states that it

cannot be initiated after a case has been settled.  It cannot be applied to a

represented party, Robinson.  The Bankruptcy Court failed to issue an Order to

Show Cause, failed to hold a hearing, and failed to describe the specific conduct

that allegedly violated Rule 9011 as required by that rule.  For all reasons cited

herein, the Judgment below should be reversed.

> **VIII. The Bankruptcy Court Erred by Denying the Respondents'
> Motion to Dismiss for Lack of Subject Matter Jurisdiction
> Because the Bankruptcy Court Was Without Authority to
> Remove the Amended Complaint from the FMCC
> Adversary Case and Re-file it in the Main Chapter 7 Case
> and Then Deem it a Motion to Disgorge Fees.**

> **(Standard of Review:   de novo)**

On December 4, 2012, Debtor filed, *pro se*, an Adversary Complaint against

FMCC as to the dischargeability of a reaffirmed debt. (12-4341 Doc. #1.)  Ford

moved to dismiss that Complaint.  At the hearing on that Motion, on March 27,

2013, the Bankruptcy Court advised Debtor that she had sued the wrong defendant

and that she should have sued Robinson and Critique Services, LLC.  The court

gave legal advice to Debtor (App. 1276-1292, Transcript of 3/27/12), both

substantive and procedural.  It suggested that, in order for her to save the fee for

filing an adversary case against Robinson, Debtor should seek to amend her

Complaint and to substitute Robinson and Critique Services, LLC as the defendants

in place of FMCC.

The Bankruptcy Court orally granted Debtor leave to amend her Complaint

to substitute defendants and granted FMCC's motion to dismiss. (App. 1276-1292,

Transcript of 3/27/2013.) It signed an Order submitted by FMCC at the

Bankruptcy Court's direction on March 28, 2013 to that effect. (App. 1270, 12-

4341, Doc. 10.) On April 5, 2013, Debtor filed her Amended Complaint (App.

1272-3, 12-4341, Doc. 12). The docket entry stated that it was an Amended

Complaint filed against Robinson and Critique Services, LLC. An hour later, the

Amended Complaint was re-filed in Debtor's bankruptcy case 11-46399 (App. 126-

7, Doc. 29). The new docket entry stated:

> "Document Motion deemed by Court to be motion for disgorgement
> of attorney's fees and other equitable and punitive relief based on
> inadequate representation by Debtor's counsel."

Sometime after that entry, the original docket entry in the adversary case was

modified by stating that the court staff had erroneously docketed the document in

the wrong case.

Fed. R. Bankr. P. 9005 provides:

> <u>Rule 61</u> Fed. R. Civ. P. applies in cases under the Code. When
> appropriate, the court may order the correction of any error or defect
> or the cure of any omission <u>which does not affect substantial rights</u>.
> [Emphasis added.]

The Bankruptcy Court's action affected Robinson's and Critique Services, LLC's

substantial rights which include, but are not limited to, their right to a jury trial,

the requirement that the Debtor retain an expert witness to testify on the standard of care of an attorney, the right of Appellants to dismiss the case from bankruptcy court and require it to be brought in state court (the claims are non-core and are state law legal malpractice claims, Kriegel v. Noble (*In re:* Am. Energy Trading, Inc., 291 B.R. 159 (Bankr. W.D. Mo. 2003)), and the right to withdrawal of the reference. The Bankruptcy Court exceeded its authority under this rule by removing the Amended Complaint from the Adversary Case and re-filing it in Debtor's Chapter 7 case as a Motion to Disgorge Fees.

The Bankruptcy Court, being without jurisdiction over the subject matter, *ab initio*, had no authority to enter any Judgments and Orders against Appellants. The are null, void and unenforceable. Elliot v. Piersol, 26 U.S. 328, 340 (1828). Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. See Milliken v. Meyer, 311 U.S. 457, 61 S. Ct. 339 (1940). A void judgment can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See Long v. Shorebank Development Corp., 182 F.3d 548 (7th Cir. 1999). On this basis the Judgment should be reversed.

**IX.    The Bankruptcy Court Erred and Exceeded its Jurisdiction by Imposing Monetary Sanctions Against Appellants Payable to the Court and to A Charity Because the Bankruptcy Court Has No Jurisdiction to Issue Orders and Judgments for Criminal Contempt and Failed to Provide Notice and An Opportunity to Be Heard Before Entering Its Judgment of Contempt.**

**(Standard of Review:   de novo)**

*Bankruptcy courts have no inherent or statutory power — and none is granted them by 11 U.S.C. §105 or by 28 U.S.C. §157 or by Fed. R. Bankr. P. 9020 — to preside over criminal contempt trials for violation of bankruptcy court orders or to acquit, convict, or sentence for such offenses.*  Griffith v. Oles (In Re: Hipp, Inc.), 895 F.2d 1503 (5th Circ. 1990).  [Emphasis added.]

As noted by the Bankruptcy Court below:

"Where a contempt sanction is not compensatory, it is civil, and therefore non-punitive, only if the contemnor is afforded some opportunity to purge the contempt." Duby v. United States, 451 B.R. 664, 670 (B.A.P. 1st Cir. 2011) . . . "This purge mechanism distinguishes civil from criminal contempt." May-Ex II v. Duan Prods., Inc., 178 B.R. 464, 470 (Bankr. W.D. Mo. 1995).  (App. 559-564, Doc. 113, at p. 4.)

The Judgment and Order of the Bankruptcy Court did not afford Appellants an opportunity to purge the alleged contempt.  The monetary penalty was punitive, payable to the court, and non-compensatory.  Therefore, the penalty imposed was criminal in nature.  Isaacson v. Manty, 721 F.3d 533 (8th Cir. 2013).

The Bankruptcy Court characterized its Judgment and Order as one for civil

contempt, but, in reality, it was for criminal contempt. When the Bankruptcy Court ordered Debtor to accept discovery and threatened her with sanctions if she refused, the Bankruptcy Court was not effecting the purpose of civil contempt (*i.e.*, vindicating the right of the party litigant), but rather was seeking to promote goals of its own (*i.e.*, vindicating the authority of the court). That is criminal contempt. Penfield Co. v. SEC, 330 U.S. 585, 590, 67 S. Ct. 918 (1947). Whether an order constitutes criminal contempt is based on the function it intends to serve and not the label given it by the trial judge. "A civil contempt proceeding is wholly remedial, to serve only the purpose of the complainant, not to deter offenses against the public or to vindicate the authority of the court." Id.

Even if the Bankruptcy Court's ruling was for civil contempt, it failed to comply with Fed. R. Bankr. P. 9020 and 9014 which require that orders of contempt be issued only upon motion and after proper notice and an opportunity to be heard. No one filed a motion for contempt. Neither notice nor an opportunity to be heard was afforded any Appellant before the Bankruptcy Court entered its Judgment of contempt.

In Baldwin v. Credit Based Asset Servicing and Secur., 516 F.3d 734, 737 (8th Cir. 2008) the Eighth Circuit held:

> "Where the Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be

afforded preclusive effect.  In re: Banks, 299 F.3d 296, 302 (4th Cir. 2002).
See also, In re: Ruehle, 412 F.3d 679 683-84 (6th Cir. 2005); In re: Hanson,
397 F.3d 482, 485-86 (7th Cir. 2005).  Under bankruptcy law, a court can
dismiss a Chapter 13 case only after notice and a hearing, which means
"after such notice as is appropriate in the particular circumstances, and such
opportunity for a hearing as is appropriate in the particular circumstances."
11 U.S.C. §§102(1)(A).

Accordingly, the Appellants should have been given notice and a hearing before

the imposition of a Judgment and Order of contempt, criminal or civil.

Pursuant to Fed. R. Civ. P. 37 there must be proof that Walton advised

Robinson, his client, not to comply with discovery in order to sanction him.

Robinson represented to the Bankruptcy Court that he did not comply with

discovery because the case was settled and discovery withdrawn.  (App. 647-648,

Doc. 149 - April 2014.)  At a hearing in September 2013 Walton stated that his

client had not yet given him discovery (App. 1355-1379, Transcript of 9/11/13).

There was no record that Robinson refused or that Walton advised him not to

comply with discovery.  Therefore, there was no supporting evidence for the

sanctions.

The Bankruptcy Court exceeded its authority in entering an Order of

Criminal Contempt against Appellants.  Its Judgment should therefore be reversed.

## X. The Bankruptcy Court Erred by Suspending Robinson and Walton From Practising Before the Bankruptcy Court Because Under Local Rules That Can Only Be Done By A Three Judge Panel.

Judge Rendlen's suspension of Walton and Robinson is unprecedented in this District. The local rules of the U.S. Bankruptcy Court governing attorney discipline incorporate the local rules of the U.S. District Court. These rules do not confer authority upon a single bankruptcy judge to suspend an attorney from Practician before the bankruptcy court. (See: E.D. Mo. L.R. 83-12.02; E.D. Mo. L. Disp. Enf. R. V; E.D. Mo. Bankr. L.R. 2090.)

"[A] district court's inherent power to discipline attorneys who practice before it does not absolve the court from its obligation to follow the rules it created to implement its exercise of such power." United States Dept. Of Justice v. Mandanici, 152 F.3d 741, 745 n. 12 (8th Cir. 1998) (citing: Matter of Thalheim, 853 F.2d 383, 388 (5th Cir. 1988); Matter of Abrams, 521 F.2d 1094, 1104 (3d Cir. 1975); cf. Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 223 (7th Cir. 1988). Under local rules, the Bankruptcy Court could not unilaterally suspend Robinson and Walton, but was obligated to file a complaint with the District Court's Disciplinary Counsel who would then conduct an investigation and determine whether charges should be presented to a three judge panel for its decision.

Although the Bankruptcy Court did file such a complaint, it also,

unilaterally suspended Robinson and Walton from practicing before the

Bankruptcy Court. These suspensions were in excess of the jurisdiction of the

Bankruptcy Court. The Judgment of suspension should be reversed. The District

Court should issue a stay of execution thereof pending appeal.

## CONCLUSION

For all of the above-stated reasons, the Judgment below should be reversed.

Respectfully submitted,

/s/ Laurence D. Mass
Laurence D. Mass        #30977MO
230 South Bemiston, Suite 1200
St. Louis, Missouri  63105
Phn:  (314) 862-3333, Ext. 20
Fax:  (314) 862-0605
Email:  laurencedmass@att.net

Attorney for Critique Services, LLC.

/s/ Elbert A. Walton, Jr.
Elbert A. Walton, Jr.      #24547MO
Metro Law Firm, LLC
2320 Chambers Road
St. Louis, Missouri 63136
Phn:  (314) 388-3400
Fax:  (314) 388-1325
elbertwalton@elbertwaltonlaw.com
*Pro Se*

/s/ James C. Robinson
James C. Robinson        #63594MO
3919 Washington Blvd.
St. Louis, Missouri 63108
Phn:  (314) 533-4357
Fax:  (314) 533-4356
jcr4critique@yahoo.com
*Pro Se*

## CERTIFICATE OF SERVICE

By signature above I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court, Eastern District of Missouri by using the CM/ECF system, and that a copy will be served by the CM/ECF system upon those parties indicated by the CM/ECF system.

By: /s/ Laurence D. Mass

## CERTIFICATE OF COMPLIANCE

The undersigned certifies the following:

1.     The attached brief complies with the requirements and limitations contained in Fed. R. Ap. P. 32(a).

2.     The brief was prepared using:

    a.     Corel Wordperfect, Version 9;

    b.     Times New Roman font; and

    c.     Font size 14.

3.     Excluding the cover page, table of contents, table of authorities, signature block, this certification, and the certificate of filing and service, the brief contains 12,505 words and does not exceed the words allowed.

By: /s/ Laurence D. Mass