UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATOYA STEWARD, | ) | |
| | ) | |
| Debtor, | ) | Case No.  4:14-CV-1094-RWS |
| | ) | |
| | ) | |
| JAMES ROBINSON, et al, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | Bankruptcy Case No.  11-46399-705 |
| v. | ) | |
| | ) | |
| LATOYA STEWARD, | ) | |
| | ) | |
| Appellee. | ) | |

## APPELLANTS' REPLY BRIEF

Respectfully submitted,

/s/  Laurence D. Mass
Laurence D. Mass    #30977MO
230 South Bemiston, Suite 1200
St. Louis, Missouri  63105
Phn:  (314) 862-3333, Ext. 20
Fax:  (314) 862-0605
laurencedmass@att.net
Attorney for Critique Services, LLC.,
Beverly Holmes-Diltz and
Renee Mayweather

/s/ Elbert A. Walton, Jr.
Elbert A. Walton, Jr.      #24547MO
Metro Law Firm, LLC
2320 Chambers Road
St. Louis, Missouri 63136
Phn:  (314) 388-3400
Fax:  (314) 388-1325
elbertwalton@elbertwaltonlaw.com
*Pro Se*

/s/ James C. Robinson
James C. Robinson        #63594MO
3919 Washington Blvd.
St. Louis, Missouri   63108
Phn:  (314) 533-4357
Fax:  (314) 533-4356
jcr4critique@yahoo.com
*Pro Se*

# TABLE OF CONTENTS

**PAGE**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities Cited  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Issues    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    I.      **Ignoring Case Law and Not Addressing Material Facts Does Not Give Debtor Standing to Have Brought Her Motion to Disgorge Fees Because the Disgorged Fees Belonged to Debtor's Bankruptcy Estate.**. . . . . . . . . . . . . . . . . . . . . . . . .  4

    II.     **Judge Rendlen Should Have Recused Himself Pursuant to 28 U.S.C. §455(a) Because as U.S. Trustee He Previously Sued Critique Services, LLC over Similar Allegations.** . . . . . . . . . .  7

    III.   **When Debtor's Motion to Disgorge Became Moot, the Bankruptcy Court Lost Jurisdiction Over the Motion and the Parties.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

    IV.   **The Bankruptcy Court Had No Authority to Compel Critique Services, LLC to Answer Discovery Not Directed to It.** . . . . . .  17

    V.     **When the Bankruptcy Court Compelled Critique Services, LLC to Comply with Discovery, it Had No Jurisdiction over Critique Services, LLC Because Critique Services, LLC Had Not Been Served with Debtor's Motion to Disgorge.** . . . . . . . . .  20

    VI.   **The Doctrine of *in pari delicto*, Not the Doctrine of Unclean Hands, Should Have Led the Bankruptcy Court to Dismiss Debtor's Motion to Disgorge Fees.** . . . . . . . . . . . . . . . . . . . .  22

    VII.  **The Bankruptcy Court Abused its Discretion by Failing to Approve the Settlement the Parties Entered into on the Motion to Disgorge.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

**VIII.**  **The Bankruptcy Court Did Not Have the Authority Unilaterally to Suspend Robinson and Walton from Practicing Before the Bankruptcy Court Because Local Rules Provide an Attorney Can Only Be Suspended by a Three Judge Panel.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Certification of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# TABLE OF AUTHORITIES

**CASES**                                                        **PAGE**

Alvarisa v. Home Depot, 240 F.R.D. 586 (D.Co. 2007).. . . . . . . . . . . . . . . . . . . 14

Armann v. Wentzville R-IV Sch. Dist.,
    2014 U.S. Dist. LEXIS 56293 (E.D. MO. 2014). . . . . . . . . . . . . . . . . . . 2, 15

Arnes v. Boughton, (In re; Prudhomme), 43 F.3d 1000 (5th Cir. 1995). . . . . . . . . 5

Congregation of the Passion v. Touche, Ross & Co.,
    854 F.2d 219, 223 (7th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Conway v. Heyl (In re: Heyl), ___ F.3d ___ (8th Cir. 2014). . . . . . . . . . . . . . . 1, 10

County of Los Angeles v. Davis, 440 U.S. 625, 99 S. Ct. 1379 (1979). . . . . . . 2, 15

Cross v. Cleaver, 142 F.3d 1059 (8th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

Doe v. Quest Diagnostics, 395 S.W.3d 8 (Mo. 2013). . . . . . . . . . . . . . 1, 2, 10, 19

Drexel v. Loonis, 35 F.2d 800, 806 (8th Cir. 1929). . . . . . . . . . . . . . . . . . . . . 3, 25

Follo v. Morency, 507 B.R. 421, 432-3 (D. Ms. 2014). . . . . . . . . . . . . . . . . . . . 14

Hecker v. Seaver (In re: Hecker), 703 F.3d 1112 (8th Cir. 2013). . . . . . . . . . . . 25

In re: Hildreth, 2012 Bankr. LEXIS 4627 (Bankr. N.D. Iowa 2012). . . . . . 3, 24, 25

In re; Redding, 251 B.R. 547 (Bk. Crt. WD Mo. 2000). . . . . . . . . . . . . . . . . . . . . 5

Interlachen Harriet Inds. Ltd. v. Kelly, (In re; Petters Co.),
    455 B.R. 166 (Bankr. App. P. 8th Cir. 2011). . . . . . . . . . . . . . . . . . . . 25, 28

Kirkland v. Mannis, 639 P.2d 671 (Ore. App. 1982). . . . . . . . . . . . . . . . . . . . 3, 23

Matter of Abrams, 521 F.2d 1094, 1104 (3d Cir. 1975). . . . . . . . . . . . . . . . . . 3, 27

_Matter of Thalheim_, 853 F.2d 383, 388 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . 3, 27

_Murphy v. K-Mart Corp._, 2010 U.S. Dist. LEXIS 96693 (D. S.D. 2010). . . . . . . 14

_Nixon v. Sanders_, 243 Fed. Appx. 197 (8th Cir. 2007). . . . . . . . . . . . . . . . . . . . 18

_Roling v. Moenk_, 2007 U.S. Dist. LEXIS 88 (N.D. IA. 2007).. . . . . . . . . . . . . 1, 6

_Rush v. Smith_, 56 F.3d 918 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

_Schroeder v. Rouse (In re: Redding)_, 263 B.R. 874
    (8th Cir. Bk. App. Panel 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. _ex rel._ Gebert v. Transp. Admin. Service,
    260 F.3d 909 (8th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

_United States Dept. of Agric. v. Fed. Labor Rels. Auth._,
    876 F.2d 50 (8th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

_United States Dept. of Justice v. Mandanici_,
    152 F.3d 741, 745 n. 12 (8th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 3, 27

_United States v. Afremov_, 611 F.3d 970 (8th Cir. 2010). . . . . . . . . . . . . . . . . 2, 16

_Vreugdenhill v. Navistar Int'l. Transport Corp._,
    950 F.2d 524 (8th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

## **STATUTES**

11 U.S.C. §329(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 19

11 U.S.C. §521. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

11 U.S.C. §541(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §455(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

iv

## **FEDERAL RULES**

Fed. R. Civ. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 10, 19

Federal Rules of Evidence 201(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 25

E.D. Mo. Bankr. L. R. 2090 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

E.D. Mo. L. Disp. Enf. R. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

E.D. Mo. L.R. 83-12.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

**ISSUES**

I.     Does Ignoring Case Law and Not Addressing Material Facts Give

Debtor Standing to Have Brought Her Motion to Disgorge Fees Because the

Disgorged Fee Belonged to Debtor's Bankruptcy Estate?

  * <u>U.S. *ex rel.* Gebert v. Transp. Admin. Service</u>, 260 F.3d 909 (8th Cir. 2001)

  * <u>Vreugdenhill v. Navistar Int'l. Transport Corp.</u>, 950 F.2d 524 (8th Cir. 1991)

  * <u>Roling v. Moenk</u>, 2007 U.S. Dist. LEXIS 88 (N.D. IA. 2007)

  * 11 U.S.C. §329(b)


II.     Should Judge Rendlen Have Recused Himself Pursuant to 28 U.S.C.

§455(a) Because as U.S. Trustee He Previously Sued Critique Services, LLC over

Similar Allegations?

  * 28 U.S.C. §455(a)

  * <u>Doe v. Quest Diagnostics</u>, 395 S.W.3d 8 (Mo. 2013)

  * <u>Conway v. Heyl (In re: Heyl)</u>, ___ F.3d ___ (8th Cir. 2014)


III.     Did the Bankruptcy Court Lose Jurisdiction over the Motion to

Disgorge When the Debtor's Motion Became Moot?

1

    \* <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 99 S. Ct. 1379 (1979)

    \* <u>United States Dept. of Agric. v. Fed. Labor Rels. Auth.</u>, 876 F.2d 50
       (8th Cir. 1989)

    \* <u>Armann v. Wentzville R-IV Sch. Dist.</u>, 2014 U.S. Dist. LEXIS 56293
       (E.D. MO. 2014)

    \* <u>United States v. Afremov</u>, 611 F.3d 970 (8th Cir. 2010)


IV.    Did the Bankruptcy Court Have Authority to Compel Critique

Services, LLC to Answer Discovery Not Directed to It?

    \* <u>Cross v. Cleaver</u>, 142 F.3d 1059 (8th Cir. 1998)

    \* <u>Doe v. Quest Diagnostics</u>, 395 S.W.3d 8 (Mo. 2013)

    \* <u>Alvarisa v. Home Depot</u>, 240 F.R.D. 586 (D.Co. 2007)


V.    Did the Bankruptcy Court Have Jurisdiction over Critique Services,

LLC When it Compelled Critique Services, LLC to Comply with Discovery, When

Critique Services, LLC Had Not Been Served with Debtor's Motion to Disgorge?

    \* Fed. R. Civ. P. 4


VI.    Should the Doctrine of *in pari delicto*, Not the Doctrine of Unclean

Hands, Have Led the Bankruptcy Court to Dismiss Debtor's Motion to Disgorge

Fees?

       \*   <u>Kirkland v. Mannis</u>, 639 P.2d 671 (Ore. App. 1982)


VII.   Did the Bankruptcy Court Abuse its Discretion by Failing to Approve the Settlement the Parties Entered into on the Motion to Disgorge?

       \*   <u>In re: Hildreth</u>, 2012 Bankr. LEXIS 4627 (Bankr. N.D. Iowa 2012)

       \*   <u>Drexel v. Loonis</u>, 35 F.2d 800, 806 (8th Cir. 1929)


VIII.  Did the Bankruptcy Court Have the Authority under the Local Rules to Suspend Walton and Robinson Unilaterally Rather than to Refer Them to the Local Disciplinary Committee for It to Act?

       \*   <u>United States Dept. of Justice v. Mandanici</u>, 152 F.3d 741, 745 n. 12 (8th Cir. 1998)

       \*   (citing: <u>Matter of Thalheim</u>, 853 F.2d 383, 388 (5th Cir. 1988)

       \*   <u>Matter of Abrams</u>, 521 F.2d 1094, 1104 (3d Cir. 1975)

# ARGUMENT

**I.** **Ignoring Case Law and Not Addressing Material Facts Does Not Give Debtor Standing to Have Brought Her Motion to Disgorge Fees Because the Disgorged Fees Belonged to Debtor's Bankruptcy Estate.**

Plaintiff LaToya Steward's argument that she had standing to bring her Motion to Disgorge fees ignores case law and does not address crucial facts.[1,2] Debtor acknowledges that the Bankruptcy Court converted her amendment to an adversary proceeding that originally was against Ford Motor Credit Company into a Motion to Disgorge fees pursuant to 11 U.S.C. §329(b). (Debtor's Brief at 4-5.) Debtor emphasizes that her Motion to Disgorge had originally asked for damages other than disgorgement (repayment) of the fees she paid in an effort to justify her standing. However, by the explicit terms of 11 U.S.C. §329(b), disgorgement can only be for the fees charged and not for any other damages.[3] In her Brief, Debtor

---

[1] Appellants will refer to and, when necessary, correct the factual statements that Debtor made in her Brief as they pertain to each of the arguments set forth herein.

[2] Appellants are not rearguing case law relied upon in their brief which states that standing to bring suit, a matter of a court's jurisdiction, can be raised at any stage of proceedings, even on appeal. (Appellants' Brief at 23.)

[3] 11 U.S.C. §329
    (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive to –
    (1) the estate, if the property transferred –
        (A) would have been property of the estate; or
        (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this *title [11 USCS §§1101* et seq., *1201* et seq., or *1301*

4

did not cite any case or statute that permits a bankruptcy court to award damages

beyond the amount of the fees that had been paid pursuant to a motion to disgorge

fees.  Cases brought pursuant to 11 U.S.C. §329(b), only award repayment of fees.

For example see <u>Arnes v. Boughton, (In re; Prudhomme)</u>, 43 F.3d 1000 (5th Cir.

1995); <u>In re; Redding</u>, 251 B.R. 547 (Bk. Crt. WD Mo. 2000).  <u>Schroeder v. Rouse</u>

<u>(In re: Redding)</u>, 263 B.R. 874 (8th Cir. Bk. App. Panel 2001).  By converting

Debtor's adversary Complaint into a Motion to Disgorge Fees, the Bankruptcy

Court limited the action that was being litigated, both factually and legally, and

restricted the Debtor's relief only to the fees she paid.

The debtor was required to disclose all legal and equitable interest in any

property, including potential lawsuits, when filing her bankruptcy petition and

schedules (11 U.S.C. §521).  Debtor's property automatically became property of

her bankruptcy estate by operation of law.  (11 U.S.C. §541(a).)  That property

included all conditional, future, speculative, and equitable interest that Debtor had

including potential claims and losses.  <u>U.S. *ex rel.* Gebert v. Transp. Admin.</u>

<u>Service</u>, 260 F.3d 909 (8th Cir. 2001).

Even after she amended her schedules, the Debtor never listed her Motion to

---

et seq.]; or
(2) the entity that made such payment.

Disgorge as property of her bankruptcy estate.  Debtor never states in her Brief that she listed the Motion to Disgorge on her schedule of property.  Therefore, her rights to her Motion to Disgorge could not have been exempted property or property abandoned by her Trustee.  Vreugdenhill v. Navistar Int'l. Transport Corp., 950 F.2d 524 (8th Cir. 1991).  The Trustee's general abandonment of property after the meeting of Debtor's creditors cited by Debtor was of no effect as to her Motion to Disgorge since that claim was not listed on her bankruptcy schedules.  The Chapter 7 Trustee in this case never affirmatively and explicitly abandoned the Motion to Disgorge.  It never was the Debtor's to pursue.  Roling v. Moenk, 2007 U.S. Dist. LEXIS 88 (N.D. IA. 2007).

The Debtor never addresses this case law and the legal issues raised by Appellants with regard to standing.  (Appellants' Brief at 26-29.)  Nor does she address how the narrowing of her original adversary proceeding by the Bankruptcy Court limited her rights.  There is no question that significant, material acts that Debtor alleges were wrongfully done by Robinson and his staff in support of disgorgement (encouraging Debtor to state a wrong address and to misrepresent her dependents) occurred before Debtor filed her original Petition in Bankruptcy.  She also paid the fee she sought to disgorge before then.  That made her Motion to Disgorge the property of Debtor's Chapter 7 Trustee.  As Appellants noted, the

6

Bankruptcy Court recognized as much when it awarded the entire disgorged fee to Debtor's bankruptcy estate; in essence, to Debtor's Chapter 7 Trustee.  (App. 845, 937-943, 958, Docs. 199 and 201.)  Debtor's citing constitutional law to the effect that a person injured has standing to bring a claim against the injuring party is not relevant.  (Debtor's Brief at 22-23.)  The bankruptcy code transfers that right to Debtor's Chapter 7 Trustee.  Debtor maintains her rights in that property only if she lists her claim on her bankruptcy Schedules and it is then abandoned by her Chapter 7 Trustee.  That never occurred.  Debtor did not have standing to bring her Motion to Disgorge.  The Bankruptcy court never had jurisdiction to adjudicate the claim from which this appeal is taken.  The judgment should, therefore, be reversed.

## II.    Judge Rendlen Should Have Recused Himself Pursuant to 28 U.S.C. §455(a) Because as U.S. Trustee He Previously Sued Critique Services, LLC over Similar Allegations.

A significant portion of Debtor's Statement of Facts in her Brief is designed to show that Critique Services, LLC was a party to the litigation on Debtor's Motion to Disgorge Fees before Judge Rendlen ruled on September 20, 2013 that Critique Services, LLC, along with Robinson, should comply with discovery that was never addressed to it.  (App. at 333-338, Doc. 68.)  In support of that

contention, Debtor does not accurately represent the facts and their meaning.

In her Statement of Facts in her Brief, Debtor refers to the <u>captions</u> of pleadings filed by Walton stating "Respondent<u>s</u> James C. Robinson d/b/a Critique Services, LLC."  However, she never explains how a caption can govern the body of the pleadings which, in every pertinent example cited, is filed only on behalf of a single respondent, Robinson.  For example, the response that Walton filed to Debtor's Motion to Disgorge (App. 131-134, Doc. 33) is only filed on behalf of one respondent in spite of what the caption states.  Debtor incorrectly states that she served discovery on "James C. Robinson d/b/a Critique Services, LLC." However, the caption of each pleading of discovery Debtor promulgated is directed explicitly only to "James C. Robinson."  None are directed to Robinson as a "d/b/a."  Nor did Debtor direct that both Robinson and Critique Services, LLC answer the discovery.  (App. 153-168, Docs. 44-47.)  Walton filed Motions to Quash discovery only on behalf of Robinson, in spite of what was in the caption of those Motions. The title of each motion was explicit: "Respondent Robinson's Motion to Quash Request to Produce Documents" and "Respondent Robinson's Motion to Quash Interrogatories Directed to Respondent."  The Memoranda in support of those Motions also were explicitly on behalf of Robinson only.  (App. 239-246, Docs. 56-59.)

8

Debtor misrepresents that in an August 14, 2013 status conference Walton appeared for both Robinson and Critique Services, LLC.  The transcript only refers to Walton stating that he was representing a respondent.  Never does he refer to respondents.  The Debtor mis-cites the transcript.  (App. 1343-46, Transcript of 8/14/13.)

Debtor next tries to conflate Robinson into Critique Services, LLC by arguing that because in an answer to an interrogatory in which Robinson did not name Critique Services, LLC as a "person," as defined by the interrogatories, with whom Robinson had a "professional association," they, therefore, are one and the same.  (App. 265-267, Doc. 63-2 referred to by Debtor.)  (Debtor's Brief at 8.)  An equally plausible explanation is that Robinson did not have a "professional" association with Critique Services, LLC, but a business relationship for the use of a name and payment for business and other services as permitted by the settlement of the adversary proceeding that Judge Rendlen initiated against Critique Services, LLC and others (not Robinson) and which was resolved in July 2007.  (App. at 1227-1233, Doc. 265.)

Debtor often conflates Robinson and Critique Services, LLC without any evidence as to the nature of their relationship or any evidence that would suggest that Robinson is the alter-ego of Critique Services, LLC as required under

9

Missouri law to eviscerate their separate legal existences.  *I.e.,* Doe v. Quest Diagnostics, 395 S.W.3d 8 (Mo. 2013).  See Conway v. Heyl (In re: Heyl), ___ F.3d ___ (8th Cir. 2014) (Opinion filed October 22, 2014) in which the Eighth Circuit explicitly holds that a sole member of an LLC has a separate legal identity from the LLC and that the member has no standing separately to pursue a claim that is solely the property of the LLC.  Debtor also does not explain how, if Robinson and Critique Services, LLC are one and the same, Critique Services, LLC as a separate entity is bound by the judgment entered by the Bankruptcy Court or why it is necessary to hold it accountable separate from Robinson.

Debtor also misrepresents what occurred at the September 11, 2013 status conference in the Bankruptcy Court.  Walton never said that he represented anyone other than Robinson.  A review of the entire transcript shows that his appearance was noted for a respondent (singular) only.  Walton did refer to "they" not having given him materials.  However, that was never a referral to more than one client as opposed to a referral to Robinson and his staff.  On the same pages cited by Debtor, (App. 1358, Transcript 9/11/13 conference) Walton stated "Mr. Robinson has to give it to me."  On the next page the Court specifically discusses Mr. Robinson, as an attorney, having an obligation to comply with the discovery.  The Court does not address its comments to Critique Services, LLC, but only to

10

Robinson.  The Court refers to Robinson as "your client" when talking to Walton.

When Walton refers to "they" not having given him materials to comply with

discovery, it is never outside the context of Robinson and his employees.

Nowhere in that transcript is there any mention of Critique Services, LLC.  Nor

does Debtor cite any instance in which Critique Services, LLC is mentioned at that

hearing.

In spite of the fact that the captions of the pleadings in which Walton filed

responses to discovery on behalf of "James Robinson d/b/a/ Critique Services,

LLC, Respondents," the pleadings themselves were only those of James C.

Robinson.  (App. 263-276, Doc. 251.)  Walton signed those pleadings as an

attorney explicitly only for Respondent James C. Robinson.  The Motion to

Compel filed by Debtor, to which the discovery responses were attached has a

caption in which Robinson, alone, is the Respondent.  The Motion to Compel is

directed only to "Respondent" (singular) to answer discovery.  (App. 251-294,

Doc. 63.)

Debtor misrepresents that statements that Walton made at a hearing on

September 18, 2013 referring to "we," "they," or "them" refer to Walton's clients.

There is no reason to suggest that Walton's references to plural pronouns is to

anything other than to Robinson and his staff.  The transcript notes that Walton

appears for respondent, singular.  (App. 1380-81, Transcript of 9/18/13 hearing.)
At that hearing, counsel for Debtor represents to the Court that he filed discovery
and served it on respondent, singular, (App. 1382) and that respondent, singular,
provided answers to discovery.  (App. 1383.)  Mr. Walton does refer to "we" in
several instances.  However, there is never any suggestion that "we" represents
more than Walton and his client, Robinson.  The Bankruptcy Court is the first
party at that hearing to interject Critique Services, LLC in any form, although the
Court misnames it.

The Court states that this entity must provide "<u>their</u> information based on
what I read here, <u>if</u> that is intertwined with Mr. Robinson."  (App. 1397.)
[Emphasis added.]  However, shortly after stating this, the Bankruptcy Court talks
both about Mr. Walton's "client" (singular) and then refers to the "client" as
"them."  (App. 1398.)  After that reference, Mr. Walton states that there is a bias
against Critique Services (LLC).  (App.  1400.)  Later, the Bankruptcy Court again
directs its attention to Mr. Walton and refers to "your client" (singular).  (App.
1401-1402.)  After that Walton refers to Robinson's "client" (Debtor).  (App.
1402.)  Debtor's representation of what Walton said at that hearing is not accurate.
Nowhere does Walton refer to his client<u>s</u>.

As Appellants represented in their Brief, it was not until Judge Rendlen

12

granted the Debtor's Motion to Compel compliance with Debtor's discovery on

September 20, 2013 (App. 333-338, Doc. 68) that Critique Services, LLC was

brought into the litigation as a separate entity which had to answer the discovery.

(Appellants' Brief at 31-33.)  Even the transcript for the September 18, 2013

hearing does not make it clear what Critique Services, LLC had to do, if anything,

with regard to discovery.  Within four (4) days of the ruling on Debtor's Motion to

Compel, Walton filed the original Motion to Recuse on behalf of Robinson and

Critique Services, LLC.  (App. 339-367, Doc. 69.)  In spite of Debtor's efforts to

represent the facts otherwise, the Motion to Recuse was timely.[4]

Even though Appellants believe that the reasons they cited (Appellants'

Brief at 29-34), should have compelled Judge Rendlen to have recused himself,

there is no reason to review facts and doctrine of each case cited by Appellants

and Debtor concerning recusal.  There are enough cases with enough different

---

[4]  The fact that the Debtor alleges to have claims against Appellants and others that were both pre and post commencement of her bankruptcy did not give her standing on the Motion to Disgorge as she asserts in her arguments against recusal.  The Motion to Disgorge is narrower than the other claims asserted by Debtor in an adversary proceeding that she filed, Cause No. 13-04284 in her underlying bankruptcy.  The Motion for Withdrawal of the Reference of that adversary proceeding is before this District Court (4:14-01094).  The Judgment against Appellants was entered only on that Motion to Disgorge and not on any other "claims" that are solely post commencement of Debtor's bankruptcy that she might have had.  Although Debtor claims that she kept the Chapter 7 Trustee apprised of her actions on her Motion to Disgorge, she does not cite any portion of the record to support that.  Yet, she faults Appellants for bringing up matters that were not in the record before the Bankruptcy Court.  Debtor never presents case law that can justify her failing to list the Motion to Disgorge on her bankruptcy schedules and to obtain an explicit abandonment of that claim by her Chapter 7 Trustee.

factual scenarios and warnings about appropriate use of recusal cited by the parties

to guide this Court.  Having said that, Appellants believe that the factual scenario

supporting recusal is compelling and is supported by the case law they cite.

(Appellants' Brief at 29.)

Critique Services, LLC is a distinct legal entity from Robinson.  The

Bankruptcy Court recognized that in denying the Motion to Recuse.  The opening

paragraph of its Order denying recusal specifically posits them as two distinct

legal entities.  (App. 387-399, Doc. 71.)  That Order refers to the two cases in

which Judge Rendlen had been involved as U.S. Trustee brought against Critique

Services, LLC and that Robinson was not a part of either.[5]  The issue, as starkly

posed by 28 U.S.C. §455(a) in the Eighth Circuit and Supreme Court cases cited

by Appellants (Appellants' Brief at 29), is whether an objective, neutral observer

---

[5]  In a separate motion Debtor moved to strike Exhibit 1 to Appellants' Brief and the documents settling the two cases Judge Rendlen brought against Critique Services, LLC when he was U.S. Trustee.  (App. 1221-1227 and 1228-1234).  A district court deciding an appeal from a bankruptcy judgment, as well as a court of appeals, can take judicial notice of government records and/or court filings even if not before the court below.  Pursuant to Federal Rules of Evidence 201(b), this Court can take judicial notice of the results of prior adjudications.  Murphy v. K-Mart Corp., 2010 U.S. Dist. LEXIS 96693 (D. S.D. 2010).  In that case, the court took judicial notice of a special verdict form of a judgment entered against K-Mart in other litigation in a state court.

In a case most resembling the instant case, an appeal from a bankruptcy court, a district court stated that this rule of evidence permits it and any court to take judicial notice of adjudications at any stage of any proceeding.  In that case, the district court took judicial notice of a trial transcript from a state court proceeding.  Follo v. Morency, 507 B.R. 421, 432-3 (D. Ms. 2014).

would believe that Judge Rendlen's impartiality might reasonably be questioned. The appearance of partiality, given the similarity of claims from when Judge Rendlen was U.S. Trustee and currently, compels recusal.  As a result of Judge Rendlen's failure to recuse himself, the judgment from which this appeal is taken should be reversed.

III.   **When Debtor's Motion to Disgorge Became Moot, the Bankruptcy Court Lost Jurisdiction Over the Motion and the Parties.**

In spite of Debtor's efforts to construe the Motion to Disgorge for more than it was, the fee Debtor sought through that Motion was repaid in October 2013 making that Motion moot and divesting the Bankruptcy Court of subject matter jurisdiction. County of Los Angeles v. Davis, 440 U.S. 625, 99 S. Ct. 1379 (1979), United States Dept. of Agric. v. Fed. Labor Rels. Auth., 876 F.2d 50 (8th Cir. 1989).  In a recent case in this district, the court stated that no case or controversy existed between parents and a school district because the issues between the parties became moot when the parents removed the child from the district and waived any right to receive compensation.  Armann v. Wentzville R-IV Sch. Dist., 2014 U.S. Dist. LEXIS 56293 (E.D. MO. 2014).

As the court in Armann noted, a court loses jurisdiction once the case becomes moot.  Appellants acknowledge that they did not raise the mootness issue

before the Bankruptcy Court.  However, lack of subject matter jurisdiction can be raised at any stage of the proceedings, even on appeal.  United States v. Afremov, 611 F.3d 970 (8th Cir. 2010).

Debtor tries to evade that her claim was moot once the fee she paid of $199 was repaid to her by arguing that because she sought more than the fee (*i.e.*, amounts for an educational course, the debt owed to Ford, and amounts for personal aggravation (App. 127, Doc. 29)), the repayment of the fee alone was not sufficient to moot her claim.  However, as stated above, a Motion to Disgorge a Fee does not permit any remedy for the Debtor other than the repayment of all or part of the fee she paid.  The Bankruptcy Court recognized that in the award it made.  It dismissed Debtor's claims for other damages.  (App. at 844-845, Doc. 199.)

The Debtor's own sworn statements that the fee she paid was only $199 in both her original and amended bankruptcy petitions are proof of that amount. (App. 61 and 214, Docs. 1 and 49.)  The Debtor chose not to accept that amount as repayment of the fee according to her counsel.  (App. 512-514, Doc. 99.)  Her refusal did not prevent her claim to disgorge fees from having become moot.  The judgment from which this appeal is taken should be reversed.  The Bankruptcy Court lacked jurisdiction over the matter before it.

16

**IV.   The Bankruptcy Court Had No Authority to Compel Critique Services, LLC to Answer Discovery Not Directed to It.**

Debtor failed to meet her burden to prove that Critique Services, LLC was the alter-ego of Robinson.  Therefore, the Bankruptcy Court had no authority to compel Critique Services, LLC to answer discovery that was never directed to it. Given the Bankruptcy Court's lack of authority to compel Critique Services, LLC to answer discovery when none was directed to it, this Court can reverse the trial court's ruling under the Plain Error Doctrine.

When a party failed to make a timely and proper objection to the trial court, an Appellate Court will review and reverse any error complained of by the party under the Plain Error Doctrine if the error cited prejudices the substantial rights of a party and would result in a miscarriage of justice if left uncorrected.  Courts look to whether the error substantially effects the integrity, fairness and public perception of judicial proceedings.  The doctrine is designed to prevent a manifest miscarriage of justice.  Cross v. Cleaver, 142 F.3d 1059 (8th Cir. 1998).  For example, the Court of Appeals reversed a trial court's denial of a new trial because during the proceedings the trial court made excessively prejudicial statements against one of the parties that demanded reversal in spite of the party's failure to object appropriately at trial.  Rush v. Smith, 56 F.3d 918 (8th Cir. 1995).  See also,

17

Nixon v. Sanders, 243 Fed. Appx. 197 (8th Cir. 2007).

In the instant case, the Bankruptcy Court compelled Critique Services, LLC to answer discovery and then held it in contempt and fined Critique Services, LLC for its failure to do so even though no discovery had been directed toward Critique Services, LLC.  Imposition of the penalty and the judgment against Critique Services, LLC violates the substantial rights of this entity.  It reflects poorly on the judiciary when a party not subject to discovery can be sanctioned for not having answered it.  This predicament fits squarely within the Plain Error Doctrine.

Debtor cites two quotes from the Bankruptcy Court to support her argument that it was proper to sanction Critique Services, LLC.  The first faults Appellants for not having offered any evidence to clarify that Critique Services, LLC was and remains a separate entity from Robinson and the second basically asserts that the Bankruptcy Court treated the two as being one and the same.  (Debtor's Brief at 34-35.)  The burden was on Debtor to prove the two legal entities were one and the same, not on Appellants to prove otherwise.  Contrary to Debtor's statement (Debtor's Brief at 36), she never served discovery on Robinson as doing business as Critique Services, LLC.  She never provided any evidence that Critique Services, LLC was the alter-ego of Robinson.  (See discussion of facts in Section II above.)  Debtor never cites any evidence to support holding Critique Services,

18

LLC responsible for discovery directed to Robinson other than the fact that Walton, in the caption of pleadings, characterized Robinson d/b/a Critique Services, LLC and stating that it was a law firm at which Robinson worked.  Even if Critique Services, LLC was a law firm at which Robinson worked, that did not make Critique Services, LLC obligated to answer discovery directed only to Robinson.  Debtor did not cite authority to the contrary.

Debtor never addresses the cases Appellants cite that in order to show that Critique Services, LLC was the alter-ego of Robinson there had to be proof that Robinson controlled Critique Services, LLC and had dominion over Critique Services, LLC for the purposes of which the litigation focused.  *I.e.,* Doe v. Quest Diagnostics, *supra*.

Debtor does not address the cases cited by Appellants that if no discovery is served upon a party, that party cannot be compelled to respond to discovery or held accountable through sanctions for failing to do so.  *I.e.,* Alvarisa v. Home Depot, 240 F.R.D. 586 (D.Co. 2007).  (Appellants' Brief at 37-39.)  The Bankruptcy Court's judgment sanctioning Critique Services, LLC along with Robinson has no support in fact or law.  It should be reversed.

**V.**   **When the Bankruptcy Court Compelled Critique Services, LLC to Comply with Discovery, it Had No Jurisdiction over Critique Services, LLC Because Critique Services, LLC Had Not Been Served with Debtor's Motion to Disgorge.**

Debtor faults Appellants for raising on appeal their argument that Robinson and Critique Services, LLC were two separate entities and that Critique Services, LLC should have been served separately.  As the case law cited above states, the jurisdiction of a court can be raised at any time during legal proceedings, even on appeal.  Under the Plain Error Doctrine, also enumerated above, it would be a gross injustice and a deprecation of the legal system to allow a court to enter an order against a party over which it had no jurisdiction, no authority to act, when it entered the order.

Debtor also argues that the Appellants raised for the first time the separate legal identities of Robinson and Critique Services, LLC in the appeal.  However, their separate legal existence was acknowledged by the Bankruptcy Court in the very Order that it issued compelling Critique Services, LLC to answer discovery not directed to it.  In the first paragraph of that Order the Bankruptcy Court distinguished the two, Robinson and Critique Services, LLC, as separate legal entities.  It discusses their separateness by citing, within that Order, that the prior bankruptcy related proceedings against Critique Services, LLC (and others)

20

resolved in 2005 and 2007 did not include Robinson.  (App. 387-399, Doc. 71.)

When the Bankruptcy Court advised Debtor to file an Amended Adversary

Complaint to the one she originally filed against Ford Motor Credit Company, the

Bankruptcy Court and the court clerk advised Debtor that her new complaint

would include claims against Critique Services, LLC and that she would have to

have that entity served.  This was done in light of her complaints about Critique

Services, LLC and Robinson.  (App. 1276-1324, Transcript of Bankruptcy Court

hearing of 3/27/13, more particularly, pages 1286-1287.)

In order to argue that Critique Services, LLC did not have to be served

separately, Debtor states that Walton and Robinson made numerous

representations that Robinson was doing business as Critique Services, LLC and

that Critique Services, LLC was Robinson's law firm.  However, they made no

representation that Critique Services, LLC was "Robinson's law firm" before

September 20, 2013.  The d/b/a reference was in the caption of pleadings, not in

the body of relevant pleadings.  Debtor's assertion that Critique Services, LLC

was the alter-ego of Robinson is created out of whole cloth.  She never cites any

part of the record of evidence that Critique Services, LLC's "corporate veil"

should be pierced.  She never satisfies the legal requirements under Missouri law

to prove alter-ego.  Debtor never addresses the law cited by Appellants that by

21

operation of the Fed. R. Civ. P. 4, that a party to a suit, not served within 120 days, must be dismissed from the lawsuit.  The arguments that Appellants made in their Brief that the Bankruptcy Court had no jurisdiction over Critique Services, LLC before ordering it to comply with discovery remain valid and uncontested. (Appellants' Brief at 40-45.)  For this reason as well, the judgment of the Bankruptcy Court as it applies to Critique Services, LLC should be reversed

**VI.**     **The Doctrine of _in pari delicto_, Not the Doctrine of Unclean Hands, Should Have Led the Bankruptcy Court to Dismiss Debtor's Motion to Disgorge Fees.**

In her argument, Debtor reviews the doctrine of unclean hands utilized in equitable proceedings.  She claims that her alleged bad acts have been recanted, that her bad acts did not injure Appellants and that therefore, she can financially benefit even though she committed the wrongful acts.  Debtor asserts that the false statements she made were to facilitate the interests of Appellants.  (Debtor's Brief at 39.)  They were not.

Debtor's listing of three dependants on her bankruptcy petition did not effect Robinson or Critique Services, LLC.  It apparently did not effect Debtor's ability to obtain a discharge pursuant to a Chapter 7 bankruptcy.  In her amended petition in bankruptcy filed with the assistance of her current counsel, Debtor

22

stated that she had no dependants.  (App. 206 & 224, Doc. 49.)  With no

dependants, she was able to obtain a discharge.  (App. 249-250, Doc. 61, 9/10/13.)

Adding three dependants did not change Debtor's ability to obtain a discharge.

Her residence being in St. Louis County did not adversely affect Debtor's ability

to obtain a discharge.

The cases that Appellants cited in their Brief are more directly on point than

those cited by Debtor on this argument.  Appellants' authority deals directly with a

claim that a former attorney induced a plaintiff suing the attorney to testify falsely

in previous proceedings.  Those clients were not allowed to benefit from their

actions.  For example, <u>Kirkland v. Mannis</u>, 639 P.2d 671 (Ore. App. 1982).  Nor

should Debtor.  For this reason as well, the judgment below should be reversed.

## VII.   The Bankruptcy Court Abused its Discretion by Failing to Approve the Settlement the Parties Entered into on the Motion to Disgorge.

Debtor faults Appellants for having failed to argue that the Motion to

Disgorge had been settled in the court below.  Besides this issue being raised

under the Plain Error Doctrine enumerated above, it is reviewed for an abuse of

the Bankruptcy Court's discretion.  Under case law and rules of civil procedure,

the Bankruptcy Court had no authority to reject the settlement.  (Appellants' Brief

at 47-49.)

Debtor argued in her brief that she never settled her case because the settlement was conditioned upon approval by the Bankruptcy Court which refused to approve it.  That agreement does state that it was conditioned upon approval of the Court.  It provides for payment of $27,500 to Debtor.  (App. 1241-1248, Settlement Agreement, Doc. 265, pg. 1243.)  When the settlement was presented to the Bankruptcy court, the Debtor had outstanding creditor claims in the amount of approximately $10,750.  Over $8,500 of that amount was an obligation to Ford Motor Credit which was relinquished a short time after the Motion was filed.  (See Exhibit 1 attached hereto and incorporated herein, the Bankruptcy court's claims register for Debtor.)  (Also see App. 823-824, Doc. 190, Robinson's Motion to Compel Trustee to Abandon Property.)

Even though a bankruptcy court has wide discretion to approve or disapprove a proposed settlement, its decision will be reviewed and reversed for an abuse of discretion.  When considering a proposed settlement, a bankruptcy court reviews the probability of success in litigation, the likely difficulties in collection, the complexity of litigation, the expense and convenience and delay, and the paramount interest of the creditors.  In re: Hildreth, 2012 Bankr. LEXIS 4627 (Bankr. N.D. Iowa 2012).  These four factors for determining if a bankruptcy court has abused its discretion were first enumerated in an Eighth Circuit decision

24

in 1929.  Drexel v. Loonis, 35 F.2d 800, 806 (8th Cir. 1929).  As noted in

Hildreth, *supra*, a bankruptcy trustee's primary duties are to liquidate the assets of

the bankrupt's estate and to close the estate as quickly as possible.  The trustee is a

fiduciary for the estate's creditors.  Hildreth, 2012 Bankr. LEXIS at 4643-45.  See

also, Hecker v. Seaver (In re: Hecker), 703 F.3d 1112 (8th Cir. 2013) and

Interlachen Harriet Inds. Ltd. v. Kelly, (In re; Petters Co.), 455 B.R. 166 (Bankr.

App. P. 8th Cir. 2011).

When the Bankruptcy Court below entered judgment on the Motion to

Disgorge, it awarded the disgorged fee to Debtor's bankruptcy estate.  (App. 842-

846, Doc. 199.)  The amount by which the parties settled their claims exceeded all

of Debtor's remaining creditors' claims at the time the settlement was submitted to

the Bankruptcy Court.  Instead of setting aside an amount from the settlement that

would have closed out the Debtor's estate and any interest the Debtor's Chapter 7

Trustee had in Debtor's assets and permitting the Debtor to resolve her litigations

as she saw fit, the Bankruptcy Court interjected itself into the proceedings.  It

ordered the Debtor to accept any discovery given to her and notified Robinson and

Walton of potential sanctions.  The Bankruptcy court did not acknowledge or

abide by case law that once the parties resolve discovery disputes a court no

longer has power over the disputes.  (Appellants' Brief at 47-49.)  The Bankruptcy

Court personalized the litigation rather than adjudicating it.  It abused its

discretion.  That is Plain Error.  That justifies reversal of the judgment of the

Bankruptcy Court from which this appeal is taken.


**VIII.** **The Bankruptcy Court Did Not Have the Authority Unilaterally to Suspend Robinson and Walton from Practicing Before the Bankruptcy Court Because Local Rules Provide an Attorney Can Only Be Suspended by a Three Judge Panel.**

Debtor's argument that because local rules permit a bankruptcy court to

refer an attorney to the Eastern District's Disciplinary Committee that the

bankruptcy court could act unilaterally and suspend an attorney.  Both the Debtor

and the Bankruptcy Court below misread the local rules.  Permissive referral to the

local disciplinary committee only provides for referral if the court making the

referral determines that other forms of sanctioning an attorney are insufficient.

Local rules provide the means by which a court in the Eastern District can act

should it decide that attorney discipline is appropriate.  The fact that a local

bankruptcy court has the power to act does not mean that it can act unilaterally

outside the means provided by local rule for the court to carry out its actions.

The Bankruptcy Court's suspension of Walton and Robinson is

unprecedented in the Eastern District.  The local rules of the U.S. Bankruptcy

Court governing attorney discipline incorporate the local rules of the U.S. District

Court.  These rules do not confer authority upon a single bankruptcy judge to suspend an attorney from practicing before the bankruptcy court.  (See: E.D. Mo. L.R. 83-12.02; E.D. Mo. L. Disp. Enf. R. V; E.D. Mo. Bankr. L. R. 2090.)

"[A] district court's inherent power to discipline attorneys who practice before it does not absolve the court from its obligation to follow the rules it created to implement its exercise of such power."  United States Dept. of Justice v. Mandanici, 152 F.3d 741, 745 n. 12 (8th Cir. 1998) (citing: Matter of Thalheim, 853 F.2d 383, 388 (5th Cir. 1988); Matter of Abrams, 521 F.2d 1094, 1104 (3d Cir. 1975); cf. Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 223 (7th Cir. 1988).  Under local rules, the Bankruptcy Court could not unilaterally suspend Robinson and Walton, but was obligated to file a complaint with the District Court's Disciplinary Counsel who would then conduct an investigation and determine whether charges should be presented to a three judge panel for its decision.  The Bankruptcy Court abused its discretion by acting unilaterally.  For this reason as well, the judgment below should be reversed.

## CONCLUSION

Appellants believe that the remaining issues not addressed in this Reply Brief (the Bankruptcy Court's wrongful recharacterization of the Adversary Complaint to be a Motion to Disgorge Fees and the Bankruptcy Court's wrongful

issuance of orders of criminal contempt) do not need further elucidation.  The

original Appellants' Brief and the Appellee's Brief sufficiently address those

issues.

For all of the above stated reasons, the judgment of the Bankruptcy Court

should be reversed.  Any issue remaining to be resolved under Debtor's Motion to

Disgorge after this Court's Decision herein should be remanded to a bankruptcy

judge other than Judge Rendlen to preside.

Respectfully submitted,

/s/  Laurence D. Mass               /s/ Elbert A. Walton, Jr.

Laurence D. Mass    #30977MO       Elbert A. Walton, Jr.      #24547MO
230 South Bemiston, Suite 1200     Metro Law Firm, LLC
St. Louis, Missouri  63105         2320 Chambers Road
Phn:  (314) 862-3333, Ext. 20      St. Louis, Missouri 63136
Fax:  (314) 862-0605               Phn:  (314) 388-3400
laurencedmass@att.net              Fax:  (314) 388-1325
Attorney for Critique Services, LLC.,   elbertwalton@elbertwaltonlaw.com
Beverly Holmes-Diltz and                *Pro Se*
Renee Mayweather

/s/ James C. Robinson

James C. Robinson        #63594MO
3919 Washington Blvd.
St. Louis, Missouri   63108
Phn:  (314) 533-4357
Fax:  (314) 533-4356
jcr4critique@yahoo.com
*Pro Se*

28

## CERTIFICATE OF SERVICE

By signature above I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court, Eastern District of Missouri by using the CM/ECF system, and that a copy will be served by the CM/ECF system upon those parties indicated by the CM/ECF system.

By: /s/  Laurence D. Mass

## CERTIFICATE OF COMPLIANCE

The undersigned certifies the following:

1.    The attached brief complies with the requirement and limitations contained in Fed. R. Ap. P. 32(a).

2.    The brief was prepared using:

    a.    Corel Wordperfect, Version 9;

    b.    Times New Roman font; and

    c.    Font size 14.

3.    Excluding the cover page, table of contents, table of authorities, signature block, this certification, and the certificate of filing and service, the brief contains 5843 words and does not exceed the words allowed.

By:    /s/  Laurence D. Mass

29